Henry M. Zaleski, J.
By this article 78 proceeding petitioner seeks an order (1) directing respondent Long Island Lighting Company to provide overhead rear-lot electric service to its property and (2) restraining respondent Planning Board from interfering between petitioner and the Lighting Company by attempting to apply its amended subdivision regulations to petitioner’s subdivision plats.
Respondent Long Island Lighting Company has not interposed an answer nor has it submitted a brief or any other papers indicating its position.
By stipulation the Planning Board is deemed a proper party. No question has been raised, and there is not now before the court any question relating to the propriety of the remedy sought against that respondent.
Petitioner is the owner of certain lands in the Town of Huntington described as Sections 2, 4, 6, 7 and 8 on the map of Wicks *135 Farms. On May 20, 1964, the Planning Board approved the subdivision plats of Sections 4, 6, 7 and 8 for the construction of one-family homes. On July 31,1964 the plat of Section 4 was filed in the Suffolk County Clerk’s office. On January 12, 1965, the plats for Sections 6, 7 and 8 were similarly filed. Although the answer of respondent Planning Board denies knowledge or information with respect to such filing, its brief concedes that the plats were filed pursuant to the Rules of the Town of Huntington and Suffolk County. In accordance with the requirements of the Planning Board, the appropriate performance bonds were filed and approved.
At the times of the approval and filing of the subdivision plats, there were in effect certain Subdivision Regulations and Site Improvement Specifications. Article XII thereof, entitled “ Greneral Requirements for Subdivision Design ”, provided in part that electric wires 11 may be installed underground or on poles along the rear property lines ”. Respondent Planning Board in its answer denies the allegation that the afore-mentioned regulation permitting overhead electric service was in force at the times the plats were approved and filed. The reason for this denial is not clear. The board has not pointed to any other or different regulation claimed to have been in effect nor have any factual assertions been made to show in what respect the allegations of the petition are in error. The regulation prior to January 19,1965 did permit installation “ on poles Both the approval and filing of the plats preceded that date. If there is any question about the dates of filing, respondent is certainly in a position to know the truth since, presumably, it has been advised thereof by the appropriate public official. (Town Law, § 278.) Since respondent has not factually disputed petitioner’s claim in that connection, the court accepts the dates given in the petition as the correct dates. The conclusion reached is that, as of the times of approval and filing of the plats, article XII allowed installation “ on poles ” along the rear property lines.
On January 19, 1965, article XII was amended to require the installation of electric wires underground only, except in certain cases wherein a waiver of this requirement might be granted. Prior to the amendment of article XII, petitioner’s predecessor in title had erected certain poles and wires leading to some lots. Respondent avers that these poles and wires were erected illegally, but it fails to point out in what respect that was so. Article XII, prior to the amendment, permitted wires on poles. If there was some other prohibitionary ordinance or regulation its provisions have not been disclosed. Some time *136 after January 19, 1965, petitioner applied to respondent lighting company for the installation of overhead rear-lot service. By letter dated February 26, 1965, the company advised petitioner to obtain a variance in order to establish the requested service. Failing such variance the company proposed to install underground service. At petitioner’s request, respondent Planning Board waived the provisions of amended article XII only as to those lots for which poles had theretofore been erected, but refused to authorize the lighting company to install overhead service for any other lots. By its answer the Planning Board admits that in reliance upon its regulations relating to underground service the lighting company will not install overhead facilities.
Petitioner argues that the Planning Board having approved the plats thereafter lacked jurisdiction over the subdivision. The board, on the other hand, asserts that by virtue of subdivision 1 of section 276 of the Town Law it has continuing jurisdiction over all subdivisions which are partially or wholly unimproved.
As the court reads subdivision 1 of section 276 it provides for two different categories of plats. First, there are those ‘ ‘ plats showing lots, blocks or sites, with or without streets or highways”. Second, there are “plats already filed” the ‘ ‘ development ” of which the board may approve. That distinction is used throughout sections 276 and 277. In the first class are those plats which were never filed and which are proposed to be developed. In the second class are those plats which were filed at some time, but without prior Planning Board review and without any development proposals. Those plats, though previously filed, must, as in the case of new plats, be presented to the Planning Board for review if development, entire or partial, is proposed. The statute thus bestows on the Planning Board the power to review the development of plats over which it theretofore had no jurisdiction. Its jurisdiction over new plats remains unaffected. The real significance of the section is that it now provides a review of all plats, old and new. In both cases, the board may “ approve, modify and approve, or disapprove ” the plat. Action involving one of those three alternatives measures the limit of its powers. (Matter of Walton v. Town of Brookhaven, 41 Misc 2d 798.) After final action and approval and as long as the effective period of approval continues (§ 276, subd. 3) the board cannot take any further action, except upon a new state of facts (see Watkins v. Gormley, 59 N. Y. S. 2d 747) and after a new hearing. In other words, the statute by reference to plats “ already filed ” simply gives the board the power *137 to pass on plats which were never before reviewed, though filed. The court finds no power to pass on plats once examined and thereafter approved and filed.
What the board may not do directly, it may not do indirectly. The effect of its refusal to issue the authorization for the installation of overhead service is to modify the prior approval so as to impose a condition which did not exist when that approval was given. If we accept respondent’s argument, one result might be that it could approve a plat and thereafter amend its regulations both as to design and improvement specifications with such frequency as to render the approval vacuous. Such a result was certainly never intended. In the court’s opinion the approval of a plat, its filing within the time required (§ 276, subds. 3 and 4) and action promptly taken in reliance on the approval vest in the developer the right to improve the subdivisions in accordance with the regulations as they existed on the date the final plat is signed by the designated official. Conceivably situations will arise wherein the conclusion reached herein may not apply. For example, it is possible that at some future time a particular plat may well be approved and timely filed, but the developer will do nothing further. In the meantime the board may ascertain that in the interest of the orderly development of the community a complete overhaul of its design and improvement regulations is needed. In such a case the benefit, if any, that may be derived from compliance with the former regulations may be lost. The parties herein are cautioned that the court does not intend to set an inflexible rule. It is just the court’s opinion that the attempted application of the amended regulation will accomplish injustice under the facts disclosed. Herein, before the amendment, petitioner commenced its operations as permitted by the board’s approval and continues to do so. In such case, the amendment to the regulation is ineffective. The petition is accordingly sustained.