In the Matter of CONNECTICUT RIVER ESTATES, INC., Petitioner, *v.* JOHN F. LUCHSINGER et al., Respondents.

Supreme Court, Special Term, Suffolk County, January 13, 1967.

*Carman, Callahan & Carman* for petitioners. *Martin B. Ashare* for respondents.

JACK STANISLAW, J. On May 23, 1966, petitioner Connecticut River Estates filed a subdivision plat with the Planning Board of the Town of Brookhaven, respondent herein. A public hearing followed, and on June 13, 1966 the board resolved to grant the plat final approval. However, on the 1st of September following petitioner asked for a 90-day extension of time within which to file the plat. Five days later the board notified both the County Planning Commission and Department of Public Works for the first time of the application to it for approval of the subdivision map. Public Works disapproved the map in its letter to respondent dated September 8, 1966, for the reason that a proposed road would pass directly into the platted subdivision. Respondent got this letter September 9 and on September 12 met and rescinded its final approval of the map because the subdivision was "located in the path of a proposed County road". About a month later the County Planning Commission, better late than never, wrote the respondent board that it too disapproved petitioner's map.

When the plat was approved the board had attached certain conditions, one of which was that the plat have county approval under section 239-k of the General Municipal Law. Respondent relies heavily if not exclusively on petitioner's failure to obtain such approval and in fact the specific disapproval by Public Works. Rescission of final approval was stated as actually having been resolved in accordance with that same section 239-k of the General Municipal Law.

The pertinent part of the section is its second paragraph, which is operative only after the establishment of a county official map. When the board's clerk receives an application for approval of a subdivision plat he *shall so notify* Public Works and the Planning Commission. The latter are to report 30 days after notification of their approval, disapproval, or conditional approval, so far as mapped structures or streets may be related to existing or proposed county roads as shown on the official map. The local board may conditionally approve the plat, despite the reports made, in order to do justice to the property owner involved.

The preceding synopsis of section 239-k of the General Municipal Law was inserted because the section itself holds the key to the issues raised here. Connecticut River petitioned for judgment setting aside the rescission of approval, directing the board to indorse its approval upon the plat to enable filing, and enjoining further interference with that filing. The Planning Board has moved to dismiss the petition as insufficient in law, and to require that the County of Suffolk be added as a party respondent. The latter motion, coming about a month after the former, rests upon the allegation that the plat is not in the path of any county road on an official map, and that there is in fact no official county map in the first place. The motion to add the county as a party respondent is denied, based upon the following view of this situation.

When respondent's clerk failed to notify the Planning Commission and Public Works of petitioner's application for approval of its subdivision map, he failed to obey the mandate of the section which is now relied upon to defeat that map. Petitioner's right to an approved map may not be affected by this breach of duty (*Matter of Ringewald* v. *Struppmann,* 14 A D 2d 547).

Of the disapprovals indicated by the two county bodies, only one was reported within 30 days of (untimely) notification. Since the other was too late both in time as measured from notice and so far as the resolution rescinding approval, we find it of no value whatsoever in these deliberations. The other disap-

proval, though timely in terms of a measurement from the date notice was received, is equally ineffective. The whole tenor of section 239-k of the General Municipal Law anticipates a reaction by a Planning Commission or Department of Public Works *before* a local Planning Board acts with finality as to a subdivision plat filed with it for approval. Notice is to be given *upon receipt* of an application. By no Herculean stretch of the imagination can this language be read to permit notification and the running of the stated 30-day period to report *after* public hearing and determination and then some. Whether this creates difficulties in other quarters can be a matter of no visible concern to this petitioner (see *Matter of Ringewald* v. *Struppmann, supra*).

To the same effect, respondent rescinded without affording notice or a hearing to Connecticut River. Thus, the *act* of resolving to rescind was void (*Watkins* v. *Gormley*, 59 N. Y. S. 2d 747). Still further, there is nothing shown to validate the reconsideration itself under any circumstances. No new facts or evidence was before the Planning Board (unless the invalid disapproval be so considered) to give reason for its action, and its jurisdiction to revoke prior final approval is at least questionable and probably lacking (*Narragansett Inn* v. *Mielke*, 134 N. Y. S. 2d 363). Absent some basis for a reconsideration, upon proper notice and hearing, the Planning Board was without the ability and power to revoke a final approval resolved (*Matter of Northbury Estates* v. *Long Is. Light. Co.*, 47 Misc 2d 134; *Matter of Walton* v. *Town of Brookhaven*, 41 Misc 2d 798).

That final approval had been conditioned upon county approval does not work to change the granting of relief to petitioner in this situation (General Municipal Law, § 239-k; *Matter of Ringewald* v. *Struppmann*, 14 A D 2d 547, *supra*). The case cited by respondent, *Matter of Weinstein* v. *Nicosia* (32 Misc 2d 246, affd. 18 A D 2d 881), is not read by this court as authority for a result contrary to that reached herein. It deals with a board's action taken *prior* to the *timely report* of a planning department timely notified.

Petitioner shall have judgment setting aside the rescission of final approval and for indorsement of respondent's approval on the plat.