■ In the Matter of HARRY R. HAYES et al., Appellants, v THOMAS A. GIBBS, as Mayor of the Village of Menands, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered January 29, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Village of Menands Planning Board approving an amended site plan of Buchman Construction Corporation. Apart from any consideration of whether petitioners are "aggrieved persons" within the meaning of subdivision 3 of section 7-725 of the Village Law (see *Matter of Friends of Pine Bush v Planning Bd. of City of Albany*, 71 AD2d 780, mot for lv to app dsmd 49 NY2d 860) and thereby authorized to maintain this CPLR article 78 proceeding to review the October 5, 1981 resolution of the Village of Menands Planning Board approving a revised site plan of respondent Buchman Construction Corporation for the erection of the Park Hills Apartments, the petition was properly dismissed for improperly naming a majority of the members of the planning board as respondents instead of the board itself (24 Carmody-Wait 2d, NY Prac, § 145:266, p 69). Pursuant to article 7 of the Village Law and Local Law No. 1 of the Village of Menands for the year 1978, it was the responsibility for the village board of trustees, acting as the planning board, to review and affirm site plans. Approval or disapproval of site plans is not a duty to be performed by individual members of the board, but by the board acting as an entity. Neither individual members nor a majority of the board can act or be compelled to act except in a manner fixed by law or duly adopted rules. Moreover, if we were to reach the merits, we would be compelled to uphold the planning board's determination. It was within the discretion of the planning board to determine whether the amended site plan submitted by respondent Buchman presented changed facts or circumstances (*Matter of Freemen v Town of Ithaca Zoning Bd. of Appeals*, 61 AD2d 1070). Therefore, in the absence of proof that the board acted in an arbitrary or capricious fashion in making that determination, we conclude that the petition was properly dismissed. We have considered petitioners' other contentions and find them to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.