OPINION OF THE COURT
Loren N. Brown, J.
The complaint in this action seeks a declaratory judgment setting forth the requirements upon which the City of Sara-toga Springs must accept for dedication a roadway known as Pinehurst Drive in the City of Saratoga Springs.
By notice of motion, dated June 19, 1987, and supporting papers, the plaintiff moves for an order striking the defendants’ answer, and directing the entry of summary judgment *19 for the plaintiff. The judgment would direct the defendants to accept Pinehurst Drive as a roadway according to subdivision standards existing in 1967.
In a separate motion, the plaintiff moves for an order substituting Peter E. Gamaldi as plaintiff in place of Brian J. Dwyer. The latter motion, which is unopposed, is granted, and all further references to the plaintiff will be to Gamaldi.
In March of 1986, the plaintiff purchased from Dwyer subdivision lots 2, 7, 15, 16, 17, 18 and 19, as well as roadways on a map entitled Pinehurst. Dwyer assigned his claim against the defendants on June 18, 1987. The subdivision, originally containing 19 lots, was approved by the City of Saratoga Springs Planning Board on September 7, 1967, when subdivision regulations adopted in 1963 were in effect. The subdivision roads apparently all comply with the 1963 regulations. Though subdivision approval was given, the seven lots now owned by the plaintiff remained undeveloped. In 1970, the city’s subdivision regulations were changed to place greater burdens on subdivision developers. Included in the new regulations was a grandfather clause, discussed infra, purportedly saving prior approvals of subdivision plans.
In addition to the original approval and the grandfather clause, the plaintiff points to conduct on the part of the city’s Department of Public Works consistent with full acceptance of the subdivision’s roads. Specifically, the city, according to the plaintiff, has plowed snow, charged for access to a sewer line beside the road and repaired potholes. The only official acceptance of the road, however, was a provisional acceptance on November 4, 1971 for the purpose of snowplowing only.
Addressing first the conduct of city workers within the Department of Public Works, which purportedly demonstrates the city’s acceptance of the subdivision, the court finds no authority, on the theory of estoppel or otherwise, to support the claim that the city may be bound by those sporadic acts. (See, Matter of Hauben v Goldin, 74 AD2d 804.)
The plaintiff’s second argument is that the original approval remains effective because of the grandfather clause of article VIII of the 1970 subdivision regulations.
Without the grandfather clause, the prior subdivision approval would clearly be ineffective. An approval of a subdivision, once granted, must be exercised with some dispatch. The original approval was not a blank check to be negotiated at any time at the discretion of its possessor. Even an authority *20 relied upon by the plaintiff (Matter of Northbury Estates v Long Is. Light. Co., 47 Misc 2d 134) recognizes a vested right in a developer to an approval only if it is expeditiously exercised. Matter of Connecticut Riv. Estates v Luchsinger (52 Misc 2d 620), also relied upon by the plaintiff, is factually and conceptually distinguishable.
The plaintiff, however, claims a benefit from article VIII of the 1970 subdivision regulations, the grandfather clause, which provided:
"All Prior Regulations Rescinded
"1. Any and all subdivision regulations heretofore adopted together with any and all amendments thereto, are hereby declared null and void and are hereby rescinded, provided that such declaration shall have no effect on approvals granted under such previous regulations”.
The court finds no language in article VIII which saves the plaintiff’s aged subdivision approval. It was not the rescission of the previous regulations which renders the original approval valueless, but, instead, the failure to proceed with the development within a reasonable time after receiving approval.
Finally, the recent United States Supreme Court decision of First English Evangelical Lutheran Church v County of Los Angeles (482 US —, 107 S Ct 2378), relied upon by the plaintiff, is distinguishable. Unlike the plaintiff in that case, the plaintiff here possesses no vested property right to an open-ended subdivision approval. Moreover, the plaintiff has not been denied use of the property, provided that current standards are met.
Based upon the foregoing, the motion for summary judgment is denied. By this decision, the court has terminated this action by issuing the declaration of rights for which the plaintiff prayed, albeit adversely to his claim.