■ In the Matter of ROLAND MARX, et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF MILL NECK, Appellant.— In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellant to rescind a restriction barring residential use of a building, the appeal is from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered August 3, 1990, which (1) annulled a determination of the appellant dated December 12, 1989, denying the petitioners' application to eliminate the residential use restriction, and (2) directed the appellant to eliminate the use restriction.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed.

In November of 1979 the appellant Planning Board of the Village of Mill Neck granted subdivision approval to Cuales Enterprises, Inc., the petitioners' predecessor in interest, in connection with the latter's plan to subdivide a 10.1-acre parcel located in a residential zone into two parcels of nearly equal size. As a condition to the granting of the subdivision application, the appellant imposed the restriction that a certain building designated structure "B" was not to be used for residential purposes. Structure "B" was a legal nonconforming building with a setback of 16.3 feet from the neighboring property line rather than the 75-foot setback required by the zoning ordinance. The petitioners, who purchased the lot with a third party in 1980, came into sole ownership of the lot in 1985. That the petitioners purchased the property with full knowledge of the use restriction imposed upon structure "B" is not disputed.

In 1985, the petitioners applied to the Zoning Board of Appeals of the Village of Mill Neck for permission to use structure "B" for residential purposes. The Zoning Board of Appeals determined that it lacked jurisdiction to vary the 1979 decision of the appellant, and this determination was upheld by the Supreme Court and this court *(see, Marx v Zoning Bd. of Appeals,* 137 AD2d 333). The petitioners then

applied to the appellant for a lifting of the restriction, asserting that its original imposition had been arbitrary, capricious, and illegal. On December 12, 1989, this application was ultimately denied by the appellant, after a hearing, on the ground that no new evidence or change in circumstances relevant to the use restriction had been presented.

In the instant proceeding, the petitioners claim, *inter alia,* that the imposition of the restriction on the use of structure "B" in 1979 had been arbitrary, capricious, and illegal. The petition did not challenge the determination that no material change in circumstances had been presented mandating a reconsideration of the appellant's 1979 conditional subdivision approval.

Prior to answering, the appellant moved to dismiss the petition, *inter alia,* based upon Village Law § 7-740, which states, in part, that a proceeding pursuant to CPLR article 78 challenging the legality of a planning board's decision concerning an application for subdivision approval "must be commenced within thirty days after the filing of the decision in the office of the board". The Supreme Court denied the motion, granted the petition, annulled the determination dated December 12, 1989, and directed the appellant to lift the restriction.

The Supreme Court improperly denied the motion to dismiss the instant proceeding as being time-barred. Since the sole focus of the petitioners' challenge was that the initial imposition of the use restriction in 1979 was improper and since this challenge came almost nine years after the decision complained of, it was clearly untimely under Village Law § 7-740 *(see, Matter of Lebow v Village of Lansing Planning Bd.,* 151 AD2d 865; *Foreal Homes v Incorporated Vil. of Muttontown,* 128 AD2d 585, *affd* 71 NY2d 821; *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 698).

Moreover, even if we were to examine the merits of the determination, it is clear that there is no basis for vacating that determination. It is well settled that "[t]he court will only substitute its judgment for that of the planning board when the board has abused its discretion or has acted arbitrarily or illegally" *(Matter of Currier v Planning Bd.,* 74 AD2d 872; *see also, Matter of Ronsvalle v Blumenthal,* 144 AD2d 766; *Matter of Heller v Kabcenell,* 126 AD2d 728). In this regard, we note that the total lack of any allegation of a change in circumstances between the time the restriction was imposed in 1979 until the time of the application for a change in 1988 supports the propriety of that determination *(see, Matter of Connecticut*

*Riv. Estates v Luchsinger,* 52 Misc 2d 620, 623; 3 Anderson, American Law of Zoning 3d § 21.08, at 645-646; *see also,* 22 Opns St Comp, 1966, at 984; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367; *Matter of Hayes v Gibbs,* 89 AD2d 656). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.