■ In the Matter of 1066 LAND CORPORATION, Respondent, v PLANNING BOARD OF THE TOWN OF AUSTERLITZ, Appellant. [630 NYS2d 389] —White, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 19, 1995 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, directing respondent to consider petitioner's application for changes in a final plat approval.

In 1987, respondent gave final plat approval to Bryarcliffe Estates, an 85-lot subdivision in the Town of Austerlitz, Columbia County, that was to be constructed in three phases. The salient feature of the plat was the requirement that petitioner construct four miles of blacktopped roadways in the subdivision that ultimately would be dedicated to the Town as public roadways. By 1993, respondent had approved two revisions of the plat which resulted in a reduction of the number of lots to 63 and the elimination of 3,600 feet of public roads. In late 1993, petitioner applied for a third revision to allow the roads in phases two and three to be private gravel roadways maintained by a homeowner's association and for a further reduction in the number of lots to 50. Respondent's determination not to consider this application gave rise to this CPLR article 78 proceeding. Supreme Court granted the petition and directed respondent to entertain the application. Respondent appeals.

Once it gives final plat approval, a town planning board generally does not have statutory authority to reconsider its determination (*see,* Town Law §§ 276, 277).* Despite the lack of statutory authority, a planning board may reconsider a determination if there has been a material change of circumstances since its initial approval of the plat or new evidence is presented (*see, Matter of Marx v Planning Bd.,* 185 AD2d 348, 349, *appeal dismissed* 80 NY2d 970, *lv denied* 81 NY2d 710; *Matter of Hayes v Gibbs,* 89 AD2d 656; *see also,* 2 Anderson, New York Zoning Law & Practice § 21.08, at 77 [3d ed]).

In urging respondent to entertain its application, petitioner maintained that there has been a substantial change of cir-

---

* Statutory authority exists where, during the term of a performance bond, the extent of the building development that has taken place is not sufficient to warrant all the improvements covered by the bond or where the required improvements have been installed (*see,* Town Law § 277 [9] [d]). This statute has not been invoked here.

cumstances in that the number of lots was going to be reduced to 50 with only 30 lots to be on the proposed private roadways. Notably, while the number of lots was reduced, the roadway system was still approximately three miles long. Moreover, in its original final plat approval respondent found that petitioner's proposal to create a homeowner's association to own and maintain the subdivision's roadways would not be in the best interest of either the subdivision residents or the Town. Also, petitioner did not support its claim of economic hardship with evidentiary proof. Given these circumstances, we cannot say that respondent's determination not to reconsider its final plat approval was arbitrary and capricious. Accordingly, it should not have been set aside (see, Matter of M & M Partnership v Sweenor, 210 AD2d 575, 577).

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.