■ Charles J. Meilak, Appellant, v Town of Coeymans et al., Respondents. [639 NYS2d 547] —Spain, J.

Plaintiff, owner of a parcel of real property in the Town of Coeymans, Albany County, alleges that on or about July 25, 1969 defendant Town of Coeymans, acting through its Zoning Board of Appeals, approved plaintiff's application and issued a permit allowing him to establish a mobile home park on said parcel; it is also alleged that the approval was not conditioned upon plaintiff taking any action within any specified period of time. Plaintiff's next action in furtherance of his desire to establish a mobile home park occurred in April 1994 when he appeared before the Town Planning Board (hereinafter Board) and requested that the Board designate itself as lead agency for review of the mobile home park under the State Environmental Quality Review Act (ECL art 8). As set forth in the complaint, the Board determined that the 1969 approval was too old and refused to act upon plaintiff's request.

Plaintiff commenced this declaratory judgment action in December 1994 seeking, *inter alia*, a declaration that the approval granted to plaintiff in July 1969 is still in force and that plaintiff has the right to obtain the designation of a lead agency for review of his project. Defendants answered asserting nine affirmative defenses including, *inter alia*, the Statute of Limitations and the equitable doctrine of laches. Subsequently, plaintiff moved for an order granting summary judgment and defendants cross-moved for an order granting summary judgment. Supreme Court, relying upon Town Law § 137 and the reasoning in *Dwyer v McTygue* (137 Misc 2d 18), denied plaintiff's motion, granted defendants' cross motion and dismissed the action. Plaintiff appeals.

We affirm. Plaintiff, in support of his motion, has failed to proffer sufficient evidence in admissible form to establish an entitlement to summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's proof of the existence of a permit is limited to copies of clippings from three 1969 newspaper accounts reporting plaintiff's request and the granting of a permit together with an affidavit of the former

publisher of the local newspaper who was also the chairman of the Town Zoning Board of Appeals attesting to the accuracy of the newspaper reports and that the approval granted was not limited in duration. Plaintiff's failure to submit any official documentation regarding the existence of a permit or to explain its absence is significant.

In any event, even if a permit had been granted in 1969, we agree with Supreme Court that the 25-year lapse in the furtherance of the project renders the approval meaningless (see, Dwyer v McTygue, supra). In our view plaintiff's failure to act over such a long period of time constitutes an abandonment per se of the rights granted in the alleged permit (see, Matter of Putnam Armonk v Town of Southeast, 52 AD2d 10, 15); the factors affecting the welfare, quality of life and safety of the community which were considered by planning boards 25 years ago have changed markedly in focus, intensity and in number throughout the State. To require plaintiff to seek a new permit, under the circumstances of this case, is not unreasonable. In the absence of any issue of fact, defendants' cross motion for summary judgment was properly granted (see, Vitolo v O'Connor, 223 AD2d 762).

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.