■ In the Matter of VILLAGE ESTATES CONDOMINIUM ASSOCIATION, Appellant, v PLANNING BOARD OF THE TOWN OF LAKE GEORGE, Respondent. [748 NYS2d 431] —Spain, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered March 28, 2001 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to convert 11 condominiums from seasonal to year-round use.

Petitioner is an association of 11 condominiums located in the Village Estates subdivision in the Town of Lake George, Warren County. Presently, the condominiums are approved for use only between April 15th and October 30th of each year. In 1982, when authorizing the conversion of the condominiums from 11 existing cabins on a 220,000 square-foot parcel, respondent expressly provided that the condominiums could not in the future be structurally altered or improved in a manner which would "contribute in any way to year-round occupancy." At that time the Town's zoning ordinances required 20,000 square feet per residential structure; thus, these condominiums conformed to the then-existing density and dimensional zoning requirements.

In or about 1990, the Town created the Shoreland Overlay District (hereinafter District), which was superimposed over the Town's conventional zoning map in order "to protect the lakefronts and the shorelines of the Town of Lake George and to maintain safe, healthful conditions and to prevent and control water pollution and to control building sites and the placement of structures and to preserve shore cover and natu-

ral beauty" (Town of Lake George Zoning Ordinance § 175-24 [A] [1]). The Shoreland Overlay District requires one acre of land per residence (see Town of Lake George Zoning Ordinance § 175-16, Schedule II). Petitioner does not dispute that its members' condominiums are within the District or the fact that the condominiums presently do not comport with the District's more stringent density requirement but, instead, relies on the condominiums' status as a preexisting nonconforming use.

By letter dated July 20, 2000, citing the condominium owners' desire to visit the area for recreation during the winter months, petitioner asked respondent to vacate the seasonal use restriction on the condominiums, as well as the prohibition against changes or alterations to the cabins. Following a public hearing, respondent denied petitioner's request on the dual grounds that "[t]he parcel does not meet the Town's requirements for density and there have been no upgrades to the existing septic and water systems." Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination as arbitrary and capricious. Supreme Court dismissed the petition, finding that sufficient evidence existed to support respondent's determination. Petitioner appeals.

Cognizant that respondent's determination must be upheld unless we find it to be arbitrary and capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of Gilchrist v Town of Lake George Planning Bd., 255 AD2d 791, 792), we nevertheless reverse. In our view, respondent's reliance, without elaboration, on the fact that the condominiums do not meet the Town's density requirements for this District does not provide a rational basis for denying the application under the facts presented here. Simply put, the proposed seasonal expansion in use of the existing condominiums does not impact the residence-to-acreage ratio of the condominiums as they already exist, and respondent did not otherwise conclude that altering the use of the condominiums would interfere with the objectives of the District.

Respondent's second stated rationale for rejecting the application—that there have been no upgrades to the existing septic and water systems—is also arbitrary inasmuch as it would be unreasonable to expect any necessary upgrades to be completed prior to approval by respondent of year-round occupancy. Notably, respondent did not make a finding—and the record in the proceeding at this juncture does not demonstrate—that upgrades were necessary or desirable. Instead, re-

spondent simply rejected the application based on the fact that the never-required, undefined upgrades had not been made.

By no means do we suggest that petitioner's application is without obstacles, especially given that the condominiums have the status of a nonconforming use in a special zoning district expressly created to address environmental and aesthetic concerns; likewise, on its face, petitioner's application to respondent did not state any material change in circumstances which would provide a basis for respondent to reconsider its prior determination to limit the condominiums to seasonal use and restrict structural alterations (*see e.g. Matter of 1066 Land Corp. v Planning Bd. of Town of Austerlitz*, 218 AD2d 887, 887-888; *Matter of Hayes v Gibbs*, 89 AD2d 656, 656). Mindful, however, that "a court reviewing an administrative determination must judge the propriety of such action solely on the grounds invoked by the agency, and if those grounds are inadequate or improper, the court is powerless to confirm on grounds it deems adequate or proper" (*Matter of Berchielli v Zoning Bd. of Appeals of Town of Westerlo*, 202 AD2d 733, 734, *lv denied* 83 NY2d 757; *see Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678), we reverse and remit to respondent for further consideration.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.