■ In the Matter of JOHN MOHR et al., Respondents, v TRACY A. EDWARDS et al., Respondents, and ALAN SCHULLER et al., Intervenors-Appellants. [760 NYS2d 184] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Huntington, dated November 29, 2000, which granted Joseph Piegare's application for subdivision approval, the intervenors appeal from (1) a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated

December 20, 2001, which granted the petition and annulled the determination, and (2) a judgment of the same court, entered January 10, 2002, which awarded costs to the petitioners.

Ordered that the appeal from the judgment entered January 10, 2002, is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment dated December 20, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

On October 11, 2000, following a public hearing on July 12, 2000, the Planning Board of the Town of Huntington (hereinafter the Board) voted to deny the application of Joseph Piegare, the contract vendee, to subdivide a plot of land which was owned by Paul Schineller. However, on November 29, 2000, the Board voted to approve the application without conducting a further hearing, or offering any explanation for its subsequent resolution. As a result, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the November 29, 2000, resolution. The Supreme Court, Suffolk County, annulled the November 29, 2000, resolution, finding it to be illegal, arbitrary, and capricious.

Contrary to the contention of the appellants, who purchased the subject property in August of 2002, the Board acted in an illegal and arbitrary and capricious manner. Therefore, the Supreme Court properly annulled the November 29, 2000, resolution (see Town Law § 276 [5] [d] [i] [2]; [ii]; [6] ; Consolidated Edison Co. of N.Y. v Hoffman, 43 NY2d 598 [1978]; Matter of 1066 Land Corp. v Planning Bd. of Town of Austerlitz, 218 AD2d 887 [1995]). The Board, inter alia, failed to delineate any of its findings in the November 29, 2000 determination, failed to indicate what new material evidence or additional facts had come to its attention after the October 11, 2000 determination, and failed to give all interested parties notice of the action contemplated. Further, the action taken by the Board on October 11, 2000 was properly determined by the Supreme Court to have been a timely denial of the application. On that date, a quorum of the Board was present for the application and a majority of those members voted to deny the application. Accordingly, that vote constituted a timely denial (see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86 [2001]).

The appellants' remaining contentions are without merit. Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.