■ In the Matter of RC ENTERPRISES, Appellant, v TOWN OF PATTERSON et al., Respondents. [840 NYS2d 116]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Patterson dated December 8, 2005, which denied the petitioner's amended site plan application, the appeal is from a judgment of the Supreme Court, Putnam County (Sherwood, J.), dated March 31, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In the early 1970's, the petitioner's predecessor in interest obtained from the respondent Planning Board of the Town of Patterson (hereinafter the Planning Board) final site plan approval to construct, in two phases, 330 multifamily rental units on a 79.2 acre site. In 1976, while phase I consisting of 204 units was under construction, the Town rezoned the subject property to allow only single family homes on 40,000 square foot lots. By January 1979, phase I was completed consistent with the zoning in effect in 1972, with the construction of 204 units as well as certain infrastructure that would benefit all 330 planned units, such as a sewage treatment plant with extra capacity, 28-foot wide roadways in the section occupied by the 204 existing units, and extra drainage capacity. The petitioner purchased the property in February 1979.

In 1986, the Planning Board approved the petitioner's request to subdivide the property into two parcels, with parcel 1 containing the already constructed 204 rental units, which the petitioner planned to sell as condominiums, and parcel 2 reserved for future development by the petitioner. In 1989, the petitioner submitted a site plan application to construct 126 multifamily units on parcel 2, in accordance with the site plan approved in 1972. In 1990, the New York City Department of Environmental Protection determined that the sewage treatment plant was deficient for its current use and the Planning Board issued a positive declaration with respect to the State Environmental Quality Review Act (ECL art 8). The project was not pursued.

In June 2003, over the petitioner's objection, the Town again rezoned the subject property to allow only single family homes on four-acre lots. In December 2004, the petitioner applied for amended site plan approval to build 68 units of multifamily housing on parcel 2. In a December 2005 resolution, the Planning Board denied the application, finding that the petitioner did not have vested rights to develop parcel 2 pursuant to the site plan it approved in 1972.

The petitioner then commenced the instant CPLR article 78

proceeding. The Supreme Court denied the petition and dismissed the proceeding on the ground that the petitioner had abandoned the development of parcel 2 in the 35 years since the original site plan approval. We affirm.

Vested rights accrue if there are substantial expenditures and substantial construction (*see Town of Orangetown v Magee,* 88 NY2d 41, 47 [1996]; *Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 14-15 [1976]). The landowner's actions relying on a valid permit must be so substantial that the municipal action withdrawing the permit results in serious loss, rendering the improvements essentially valueless (*see Town of Orangetown v Magee, supra* at 47-48). In the instant case there is some evidence of extra expenditures but no evidence of substantial construction. Although the petitioner contends that certain improvements used by parcel 1 were built with extra capacity to accommodate the development of parcel 2, these improvements have been used for the benefit of parcel 1 for nearly 30 years, and, in the case of the sewage treatment plant have required upgrades. The petitioner failed to establish vested rights in future development.

In any event, the petitioner abandoned its plan to develop parcel 2 as demonstrated by its failure to act over a period of decades (*see Meilak v Town of Coeymans,* 225 AD2d 972 [1996]; *see Matter of Putnam Armonk v Town of Southeast, supra*). Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.