■ In the Matter of LEOPOLD BORDA, an Incompetent Person. SUSAN R. BORDA, Appellant; FRANK H. CONNELLY, SR., Respondent.—Order of the Supreme Court, Westchester County, dated April 21, 1975, affirmed, without costs. There was a failure on the part of appellant to establish by a fair preponderance of the credible evidence any grounds for the removal of the committee of the person of the incompetent. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ In the Matter of the COUNTY OF NASSAU, Respondent, Relative to Acquiring Title to Real Property Bounded by Bellmore Avenue from Sunrise Highway Northerly to Jerusalem Avenue in the Town of Hempstead. SUN OIL COMPANY OF PENNSYLVANIA, Appellant.—In a condemnation proceeding, a claimant appeals, as limited by its brief, from so much of a partial final decree of the Supreme Court, Nassau County, entered July 17, 1974, as, after a nonjury trial, awarded it $10,500 for Damage Parcel No. 28. Partial final decree reversed insofar as appealed from, with costs, on the law and the facts, by deleting from the tabular abstract attached thereto the award for Parcel No. 28 and by substituting therefor a provision fixing the compensation at $16,750. On the record presented, the award should be increased to the extent indicated herein. The trial court should have considered the uncertainty of procuring a variance, as a discount factor (*Masten v State of New York,* 11 AD2d 370, affd 9 NY2d 796). Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of GROUSE RUN COMPANY, INC., Appellant, v MARTIN STONE et al., Constituting the Planning Board of the Town of Pound Ridge, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to (1) annul a determination of the respondent planning board disapproving petitioner's plat plan, as modified, or (2) deem the said plat plan approved and to direct the respondent town clerk to issue a certificate reflecting that approval, the appeal is from a judgment of the Supreme Court, Westchester County, dated June 20, 1975, which dismissed the petition. Judgment affirmed, with costs. The determination of the planning board was neither arbitrary nor capricious. The petition does not refute on the merits 14 of 16 of the board's objections to the application. Appellant's contention that the various revisions suggested by the board, prior to the public hearing, are in fact modifications requiring an approval lacks merit. The recommendations made by the board prior to a public hearing were merely suggestions to assist the appellant and may not be considered or interpreted as modifications of the plan, as that term is used in subdivision 3 of section 276 of the Town Law. Such suggestions do not compel an approval of the plat plan. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of RUSSELL HART, Petitioner, v POLICE DEPARTMENT OF THE TOWN OF YORKTOWN et al., Respondents. Proceeding pursuant to CPLR article 78 to review a determination of respondent Town Board of the Town of Yorktown, dated October 4, 1974, made after a hearing, which dismissed petitioner from his position of police officer. Determination confirmed and proceeding dismissed, on the merits, without costs. In our opinion, the determination was neither arbitrary nor capricious. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.