■ TRI-MAR CONTRACTORS, INC., Respondent, v BANK OF SUFFOLK COUNTY, Appellant. — In an action to recover damages for violation of a restraining notice, the defendant, Bank of Suffolk County, appeals from an order of the Supreme Court, Suffolk County, dated November 26, 1979, which denied its motion for summary judgment and granted plaintiff's cross motion pursuant to CPLR 3124 to compel disclosure. Order reversed, on the law, without costs or disbursements, defendant is granted summary judgment and the cross motion is denied. Subsequent to entry of the order from which this appeal was taken, the underlying judgment sought to be enforced by the plaintiff via a restraining notice was satisfied. Accordingly, plaintiff's claim against the defendant has become moot. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ MARIO VICHIULLO et al., Appellants, v RIC'S RESTAURANT SUPPLIES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. GOTHAM ELEVATOR CORP., Third-Party Defendant. — Judgment of the Supreme Court, Kings County, entered March 10, 1980, affirmed, with costs to defendants. (See *Kowalsky v Conreco Co.,* 264 NY 125.) Damiani, J.P., Mangano, Gibbons and Gulotta, JJ., concur.

■ In the Matter of AHU REALTY CORP., Respondent, v HERBERT J. GOODWIN et al., Constituting the Planning Board of the Village of Monroe, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Monroe, dated May 19, 1980, that denied petitioner's application for subdivision approval, the appeal is from a judgment of the Supreme Court, Orange County, dated October 14, 1980, which, *inter alia,* granted the petition to the extent of vacating the determination and remitting the matter to the board. Leave to appeal is hereby granted by Mr. Justice Weinstein. Judgment affirmed, without costs or disbursements. We agree with Special Term that on this record the board could not reasonably require petitioner to "positively demonstrate * * * to the Board that the proposed drainage system will alleviate the existing flooding conditions"; however, the board could properly require petitioner to satisfy it that the proposed drainage system could effectively prevent water runoff in excess of that which occurs on the property in its present undeveloped condition. The record shows that this issue was duly raised for the first time at the public hearing held to evaluate the final subdivision plat (see Village Law, § 7-728; see, also, *Matter of Grouse Run Co. v Stone,* 49 AD2d 748; *Matter of Durland v Maresco,* 53 AD2d 643), and further shows that petitioner failed to submit certain information, duly demanded by the board, to enable it to evaluate a proposed drainage system's effectiveness in preventing any runoff that would be caused by improving the property. To this extent the board's disapproval of the final plat was proper and, unlike certain other unfulfilled conditions such as payment of a filing fee, the defect cannot be remedied by petitioner except by resubmission of the plat to the board for approval in the exercise of its discretion respecting the effectiveness of the proposed drainage system. Accordingly the matter is remitted to the planning board for further proceedings not inconsistent with this decision. Mollen, P.J., Hopkins, Weinstein and Thompson, JJ., concur.