■ In the Matter of EASTERN NEW YORK PROPERTIES, INC.,

Respondent, v JOHN CAVALIERE, as Chairman of the Town of Mount Pleasant Planning Board, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Mount Pleasant, (hereinafter the planning board), the appeal is from a judgment of the Supreme Court, Westchester County (West, J.), entered November 25, 1987, which annulled the planning board's resolution to deny the petitioner's amended site plan application and approved the amended site plan application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner initially applied for site plan approval on July 28, 1986, to add approximately 50,000 square feet of office building to existing structures, with surface parking, underground parking, and two stories of office space. The petitioner requested a waiver of the 30-foot rear yard setback requirement of the local ordinance in order to construct a loading dock, leaving a 12-foot setback. A traffic expert prepared a traffic impact study and concluded that safe and efficient access to the project can be developed; the traffic expert was also of the opinion that the project would have minimal impact on the operational condition of the intersections within the vicinity. It was the opinion of the planning board's traffic consultant that the analysis results of the petitioner's traffic expert were acceptable. That site plan application was approved on December 4, 1986. On December 12, 1986, the petitioner obtained a signed contract for the purchase of a parcel of land contiguous to its property; the closing occurred on December 22, 1986. A building permit was issued for the original site plan on February 1, 1987, and the petitioner thereafter commenced construction. On or about May 11, 1987, the petitioner applied to the planning board for an amended site plan approval as a result of the acquisition of additional property; the amended site plan included approximately 10,000 additional square feet of office space to be added to the first level of the building, in lieu of certain indoor parking spaces on that level, with substantially more parking spaces outside the building. A public meeting was held on July 13, 1987, in connection with the amended site plan. The planning board denied the amended site plan application. The grounds for denial were (1) the amended site plan would add more vehicles and vehicular activity in an already overburdened intersection and road system and also force more parking to be placed outside of the building thereby reducing the amount of landscaping and greenery; (2) the increased build-

ing space would result in a higher floor space density or intensity of land use beyond that which the planning board believes to be appropriate for the immediate neighborhood, particularly in consideration of the traffic volumes and safety problems or nearby intersections and roads; (3) the act of revising the site plan because the applicant purchased the adjacent land constitutes a segmentation of the review process with many standards established on the basis of the previous site plan review, provides insufficient merit for the planning board to approve a substantially revised site plan and could establish an improper precedent in site plan review and approval within the town; and (4) the initial site plan already included a substantial waiver of rear yard setback requirement affording the applicant more than a fair and equitable use of his property.

A site plan application may be denied if it is convincingly shown that denial is "reasonably * * * related to the health, safety and general welfare of the community" (Town Law § 274-a [1] [a]; see, *Matter of Westchester Reform Temple v Brown,* 22 NY2d 488, 494). The evidence in this record failed to so demonstrate. With reference to the first ground cited by the planning board for denial of approval of the amended cited plan, we note that the petitioner's traffic expert was of the opinion that addition of the 10,400 square feet of office space to the project will not change the results of the analysis of the original traffic impact study with the improvements planned by the New York State Department of Transportation for the nearby intersection. This was not refuted or controverted by anyone at the public meeting or by the planning board's professional planning consultant. Also, the record shows that the plan provides for enhanced parking facilities and landscaping. Concerning the planning board's contention that the increased building space would result in a higher floor space density or intensity of land use, we find it is conclusory in form, and the evidence in the record is not sufficient to establish that the project will have an adverse impact on the immediate neighborhood. A denial must be premised on clear findings of deleterious changes that adversely affect the adjoining area *(Matter of Van Euclid Co. v Sargent,* 97 AD2d 913, 915). Indeed, the Supreme Court observed that the petitioner's new site plan is still within the requirements of the Mount Pleasant Zoning Ordinance. As to the third and fourth grounds for denial, the planning board stresses on appeal that the petitioner concealed its intention to purchase and assemble two contiguous sites, thus misrepre-

senting the facts to the planning board and segmenting the application process. We do not discern any fraud or misrepresentation of a material fact by the petitioner which would justify the denial in this case. The petitioner purchased additional land after the first application was approved. We do, however, join in the Supreme Court's admonition that circumstances of this nature will be carefully scrutinized in order to uncover any deliberate misrepresentation or fraud. Nonetheless, in this case, we find that the Supreme Court's direction to the planning board to approve the petitioner's amended application is proper. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.