■ NEW CITY OFFICE PARK, Appellant, v PLANNING BOARD OF TOWN OF CLARKSTOWN, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Clarkstown (hereinafter the planning board) dated June 26, 1986, which denied the peti-

tioner's application for final site plan approval for its proposed "New City Office Park" development, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated April 3, 1987, which denied the application.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the planning board's denial of final site plan approval was not irrational, arbitrary and capricious or unsupported by substantial evidence *(see, Matter of Orchards Assocs. v Planning Bd.,* 114 AD2d 850, *appeal dismissed* 68 NY2d 808). Rather, the planning board's determination was rationally based upon the fact that the petitioner's proposed development was located within the 100-year floodplain of the Demarest Kill, and was therefore prone to flood hazards. The project would exacerbate flooding in the event of a 100-year storm. Pursuant to the guidelines of the Federal Emergency Management Agency (hereinafter FEMA), the petitioner's proposed office building had to be erected upon land situated above the 100-year floodline. To accomplish this, the petitioner would have required 9,500 cubic yards of fill on the property. However, because the property was situated in the floodplain, the planning board required the petitioner to provide for a proportionate increase in the amount of compensatory storage of water in the event of a 100-year flood. The petitioner was able to provide only for 1,500 cubic yards of compensatory storage. Thus, in the event of a 100-year storm, 8,000 cubic yards of floodwater which otherwise would have remained on the petitioner's property would be displaced and would accordingly flow elsewhere *(see generally,* 1 Rathkopf, Zoning and Planning § 7.02 [1]). As the petitioner could not provide for the requisite retention of floodwaters, the planning board correctly denied site plan approval *(see, Dur-Bar Realty Co. v City of Utica,* 57 AD2d 51, *affd* 44 NY2d 1002; *see also, Matter of Coates v Planning Bd.,* 58 NY2d 800; *Matter of AHU Realty Corp. v Goodwin,* 81 AD2d 637).

The record indicates that preliminary approval was granted upon the understanding that the petitioner's plan for off-site storage would be realized. Once it became apparent, however, that acquisition of the additional parcel (which would have provided sufficient water retention to offset that displaced by the petitioner's development) was not forthcoming, the planning board reassessed its preliminary determination and denied final approval based upon the exacerbated flooding conditions which would occur in the floodplain *(cf., Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359). Furthermore, the

position of the planning board was an example of responsible floodplain management which is consistent with FEMA guidelines (see, 44 CFR 60.3 [d] [2]; see generally, 1 Rathkopf, Zoning and Planning § 7.01 et seq.). Indeed, common sense dictates that the development of numerous parcels of land situated within the floodplain, each displacing only a relatively minor amount of floodwater, in the aggregate could lead to disastrous consequences.

Accordingly, as the petitioner's final site plan did not minimize the potential flooding impact on the surrounding area within the floodplain, the planning board's denial of final approval was not arbitrary and capricious. We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.