■ In the Matter of BRYN MAWR PROPERTIES, INC., Respondent, v KATHRYN FRIES, as Clerk of the Town of Mount Pleasant, Appellant. (Proceeding No. 1.) In the Matter of BRYN MAWR PROPERTIES, INC., Respondent, v KATHRYN FRIES, as Clerk of the Town of Mount Pleasant, Appellant. (Proceeding No. 2.) In the Matter of BRYN MAWR PROPERTIES, INC., Respondent, v TOWN OF MOUNT PLEASANT PLANNING BOARD et al.,

Appellants, and POCANTICO LAKE CIVIC ASSOCIATION, INC., et al., Intervenors-Appellants. (Proceeding No. 3.)—In three consolidated proceedings pursuant to CPLR article 78, *inter alia,* to review a determination of the Planning Board of the Town of Mount Pleasant dated March 14, 1988, which directed the petitioner Bryn Mawr Properties, Inc., to submit a supplemental environmental impact statement in connection with its application for preliminary subdivision plat approval for a 55-unit residential development, the appeals are from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered January 10, 1989, which, *inter alia,* annulled the determination and directed the Town of Mount Pleasant Planning Board to approve the petitioner's preliminary plat, subject to certain conditions.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceedings are dismissed on the merits.

Contrary to the conclusion reached by the Supreme Court, we find that the Planning Board did not act in an arbitrary and capricious manner in requesting that the petitioner prepare a supplemental environmental impact statement (hereinafter SEIS) in connection with its proposed development of 135 acres of undeveloped land on the shores of Pocantico Lake *(see, Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484, 494; *see also,* 6 NYCRR 617.8 [g]). Although we recognize that the petitioner did prepare voluminous environmental impact statements concerning potential environmental effects of its previously rejected application for a zoning change to construct a 148-unit development on the same site, and although those prior environmental impact statements did address some of the consequences of an alternative 59-unit development which is allegedly similar to the 55-unit development presently under consideration, it was not unreasonable for the Planning Board to direct the submission of an SEIS to more fully assess the specific environmental impacts of the alternate project presently before it *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *see also, Akpan v Koch,* 75 NY2d 561).

It is of critical importance that the petitioner's proposed development is situated on the shores of Pocantico Lake, a former reservoir which is still a potential source of potable water. The Planning Board, as lead agency *(see,* 6 NYCRR 617.6) under the State Environmental Quality Review Act (ECL art 8), is in the position of "steward * * * of the air, water, land, and living resources, and [has] an obligation to

protect the environment for the use and enjoyment of this and all future generations" (ECL 8-0103 [8]). Here, even more significantly, the Planning Board was attempting to fulfill its environmental protection obligations in connection with a most precious resource, a lake and former reservoir which could once again become needed as a source of drinking water. On this record it would be inappropriate for this court to override the conclusion of the Planning Board that the petitioner's prior environmental impact statements did not adequately address certain matters relevant to protecting the quality of the water of the lake, including the appropriate width of the buffer zone which would be needed to protect the lake at restored reservoir water levels. We find that the Planning Board's determination was not illegal or arbitrary and capricious but rather constituted an example of responsible environmental management of a vital and valuable natural resource (see, New City Off. Park v Planning Bd., 144 AD2d 348).

We have considered the petitioner's remaining contentions and find them to be without merit.

Finally, we note that these proceedings have been extensive and time consuming and that the Planning Board should act expeditiously upon the filing of an SEIS. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.