■ In the Matter of LAWRENCE J. KONCELIK et al., Respondents-Appellants, v PLANNING BOARD OF THE TOWN OF EAST HAMPTON, Appellant-Respondent, and ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAMPTON, Respondent.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the appellant-respondent, dated May 16, 1990, the Planning Board of the Town of East Hampton appeals from so much of a judgment of the Supreme Court, Suffolk County (Fierro, J.), dated December 20, 1990, as granted the petition to the extent of deleting the conditions imposed in its Waiver of Subdivision Approval and awarding costs and disbursements to the petitioners, and the petitioners cross-appeal from so much of the judgment as dismissed that branch of the petition which was to review the determination of the respondent Zoning Board of Appeals of the Town of East Hampton, dated August 8, 1988, which denied their application for leave to subdivide their property.

Ordered that the judgment is reversed insofar as appealed from, on the law, the determination dated December 20, 1990, is confirmed, and the conditions contained in the Waiver of Subdivision Approval issued by the appellant-respondent dated May 16, 1990, are reinstated; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the Planning Board of the Town of East Hampton and the Zoning Board of Appeals of the Town of East Hampton are awarded one bill of costs, payable by the petitioners.

The Supreme Court erred in deleting all of the conditions

imposed by the Planning Board of the Town of East Hampton (hereinafter Planning Board), in its May 16, 1990 Waiver of Subdivision Approval for the petitioners' application. It is well settled that where a proceeding pursuant to CPLR article 78 concerns the exercise of discretion by an administrative tribunal, the courts generally will not interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *see also, Matter of Cowan v Kern,* 41 NY2d 591; CPLR 7803 [3]). Indeed, the court will substitute its judgment for that of a planning board only when the administrative agency has abused its discretion or has acted arbitrarily or illegally *(see, Matter of Marx v Planning Bd.,* 185 AD2d 348; *Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 52 NY2d 722).

Here, the court interfered with the Planning Board's determination based upon a conclusory finding that the conditions imposed by the board were inconsistent with intelligent planning, without legitimate governmental or public purpose in contravention of the Town Code, and were not supported by evidence demonstrating necessity. The court's decision to delete all of the conditions imposed by the Planning Board was largely arrived at without explanation and appears to be based in part upon the conclusory report of the petitioners' environmental expert. This report contained little empirical evidence, and, in any event, had been before the Planning Board during its decision making process.

We note that the Planning Board recognized the difficulty of making an appropriate subdivision design for the property, based upon topographical constraints, the extensive area of undisturbed forest, and the presence of numerous important plant species scattered throughout the site. Many of the conditions were imposed to protect these features while still allowing a reasonable development area on the proposed lots. While the petitioners may disagree with many of the conditions, the Planning Board had broad authority to impose them. Contrary to the petitioners' contention, the Planning Board had the power to set the sites of the structures to be built on the property, according to specific criteria, and to require an adequate means of access for emergency vehicles *(see,* East Hampton Town Code § 131-1.05 [L]; § 131-1.08). Furthermore, since there was evidence that the petitioners possessed a common driveway easement, the requirement that the lots have access by way of the easement was not improper.

The Planning Board is empowered to assure the health,

safety, and general welfare of the people of the Town of East Hampton. In doing so, it must consider standards and appropriate specifications in accordance with the Comprehensive Plan, the Town Code, and the rules and regulations of various coordinating agencies (see, East Hampton Town Code § 131-1.05 [F]). For example, stripping of natural ground cover must be minimized, appropriate setbacks are required to preserve natural features and systems, and all stormwater drainage and runoff from buildings and driveways must be contained within the perimeter lines of a site (see, East Hampton Town Code § 131-1.05 [I], [J]). Generally, a planning board is within its power in imposing conditions related to fences, safety devices, landscaping, access roads, and other factors incidental to comfort, peace, enjoyment, health, or safety of the surrounding area (see, 2 Anderson, New York Zoning Law and Practice §§ 21.04, 21.09-21.18 [3d ed]).

The conditions imposed here were rational and supported by the record. Furthermore, none of the conditions complained of was outside the broad scope of the Planning Board's powers. Therefore, the conditions imposed by the Planning Board should be reinstated.

The portion of the petition which sought review of an August 8, 1988, determination of the Zoning Board of Appeals of the Town of East Hampton was time barred and properly dismissed (see, Town Law § 267 [7]).

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.