■ In the Matter of THEODORE S. GREEN et al., Appellants, v PLANNING BOARD OF THE TOWN OF NEW CASTLE et al., Respondents, and HOUSEHOLD RELOCATION MANAGEMENT, INC., Intervenor-Respondent. [632 NYS2d 151] —In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Planning Board of the Town of New Castle dated March 22, 1993, which, *inter alia,* granted a wetlands permit and (2) a determination of the Town Engineer of the Town of New Castle

also dated March 22, 1993, which granted a tree removal permit, the appeal is from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered April 12, 1994, which dismissed the proceeding. Justice Santucci has been substituted for Justice Rosenblatt who has recused himself *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs to the intervenor-respondent, payable by the appellants.

In connection with its plan to build a single residence on its 1.015 acre parcel, the intervenor, Household Relocation Management, Inc., submitted an application for a wetlands permit to the Planning Board of the Town of New Castle (hereinafter the Planning Board). The petitioners, owners of property adjoining the intervenor's parcel, have challenged the grant of that permit, as well as the grant of a tree removal permit by the Town Engineer of the Town of New Castle (hereinafter Town Engineer).

The New Castle Town Code enumerates various environmentally related factors that the Planning Board was required to consider in reviewing the application for the permit *(see,* New Castle Town Code § 137-6 [A]). The record discloses that these factors were duly considered by the Planning Board, which had before it findings by the Town Engineer, its own environmental consultant, and the intervenor's experts, all to the effect that the proposed action will have inconsequential, if any, environmental impact. Although the submissions made to the Planning Board by the petitioners' experts were in sharp disagreement with these findings, we cannot conclude, on the instant record, that the Planning Board abused its discretion or acted illegally, arbitrarily, or capriciously in granting the wetlands permit *(see, Matter of Koncelik v Planning Bd.,* 188 AD2d 469, 470; *Matter of Marx v Planning Bd.,* 185 AD2d 348; *Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 52 NY2d 722; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222). We reach a similar conclusion with respect to the granting of the tree removal permit by the Town Engineer *(see,* New Castle Town Code § 121-6 [A] [2]).

The Planning Board did not abuse its discretion, as lead agency under SEQRA *(see,* ECL art 8), by issuing a negative declaration *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530; *see also, Akpan v Koch,* 75 NY2d 561, 570).

The petitioners additionally argue that the intervenor's lot was an illegal lot. In part, they base this assertion on the fact that previously, both the subject parcel and an adjacent lot were owned by the same parties, John and Barbara Little, who

are husband and wife. They assert that a merger occurred during the common ownership of the two parcels and that therefore, the intervenor's parcel ceased to be a legal subdivision. This argument is without merit. It is well settled that there can be no merger in the absence of a specific merger clause in the governing ordinance *(see, Matter of Allen v Adami,* 39 NY2d 275; *see also, Matter of Van Perlstein v Oakley,* 203 AD2d 853; *Matter of Barkus v Kern,* 160 AD2d 694, 695-696). In the instant case, under the pertinent zoning ordinance in effect during the common ownership, a merger was deemed to occur only where a building permit with respect to the property was sought *(see,* New Castle Town Code § 60-421.4; *see also,* New Castle Town Code § 60-421.4, as amended by Local Laws, 1978). Since no building permit was sought during such common ownership, no merger of the two lots occurred.

As initially configured on the original subdivision map, filed in 1949, the intervenor's parcel was comprised of .859 acres. As noted, the subject parcel and an adjacent parcel had previously been held in common ownership by John and Barbara Little. In 1974, the Littles conveyed the subject parcel to Barbara Little, individually. Simultaneously, the Littles conveyed a triangular sliver comprised of approximately .156 acres of the adjacent parcel to Barbara Little. This triangular sliver was contiguous with the subject parcel. Thus, at the completion of these conveyances, the subject parcel was comprised of 1.015 acres. After the transfer, both the subject parcel and the adjacent parcel conformed to the one-acre residential building requirement that became effective in 1950.

The petitioners assert that the subject parcel is an illegal lot because the Planning Board did not approve the transfer of the triangular sliver from the adjacent lot. Based solely on the relevant Town Ordinance then in effect, this argument is without merit. That ordinance did not require subdivision approval where, as occurred here, an existing lot was divided in such a manner so as not to "creat[e] a new parcel or lot", provided such division did not "decrease the area or dimension of any existing lot or parcel * * * below the zoning requirement" (New Castle Land Subdivision Regulations, former § I; *cf., Freundlich v Town Bd.,* 73 AD2d 684, *affd* 52 NY2d 921; *Matter of Bay View Pines Estates v Wines,* 204 AD2d 316; *see also, Matter of Allen v Adami,* 39 NY2d 275, 278, *supra).*

The parties' remaining contentions are without merit *(see, Matter of Bowers v Aron,* 142 AD2d 32; *Matter of Bien v City of Amsterdam,* 126 AD2d 852, 853-854; *Matter of Concerned*

*Citizens Against Crossgates v Town of Guilderland Zoning Bd. of Appeals,* 91 AD2d 763; *see also,* 22 NYCRR 130.1-1 [c]). Copertino, J. P., Santucci, Hart and Friedmann, JJ., concur.