■ In the Matter of RICHARD F. WALSH, JR., et al., Petitioners, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES et al., Respondents. [636 NYS2d 63] —Proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Health Services, dated July 1, 1992, which, after a hearing, denied the petitioners' application for a variance from section 3 of the Suffolk County Department of Health Service Standards.

Adjudged that the determination is confirmed, with costs.

The petitioners own 11.94 acres of land in the Town of Shelter Island. In September 1990, the petitioners obtained preliminary plat approval for the subdivision of their land into 12 lots. Thereafter the petitioners sought approval from the respondent Suffolk County Board of Health Services (hereinafter Health Services), which located two test wells on the property. Water quality and quantity samples were eventually drawn from the test wells. While the initial quality of the water was within acceptable limits, the test wells had only 35 and 26 feet of groundwater depth, respectively, before drawing salt water. Pursuant to the Suffolk County Sanitary Code, wells must be 40 feet deep without salt water encroachment. Health Services notified the petitioners that a variance was required from its own Board of Review because the individual lots in the plan contained fewer than 40,000 square feet and because of the problems with salt water encroachment.

The petitioners requested a variance from the Board of Review. Following a hearing, the Board of Review denied the application. The petitioners then offered to reduce the number of lots in the plan so as to meet the 40,000 square foot lot size requirement. Upon reconsideration the Board of Review again denied the petitioners a variance as the depth of fresh water and the proximity of the wells to the sewage system did not meet the requirements of the Sanitary Code. Indeed, the Board of Review determined that in order to meet the requisite standards the petitioners could build no more than six units.

The petitioners contend, *inter alia*, that the determination of the Board of Review was not based on substantial evidence, and was arbitrary and capricious. We disagree. There is clearly substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176) in the record to support the denial of the petitioner's requests for a variance. Notwithstanding that the petitioners have offered to down-size their proposed development, they have been unable to propose a plan which comports with Sanitary Code water requirements. Indeed, it appears that the wells on the proposed lots cannot provide the requisite depth of fresh water and the petitioners have failed to demonstrate why the homes they seek to erect should be provided with a source of drinking water which is potentially more vulnerable to salt-water infiltration than otherwise permitted under the Sanitary Code. In short, we are satisfied that the determination denying the petitioners' variance application was supported by substantial evidence and was not irrational, nor arbitrary and capricious (*see, Matter of Bryn Mawr Props. v Fries*, 160 AD2d 1004; *New City Off. Park v Planning Bd.*, 144 AD2d 348).

We have reviewed the petitioners' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.