■ In the Matter of DOUGLAS MICHELSON, Respondent, v HERBERT WARSHAVSKY et al., Appellants. [653 NYS2d 622] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Planning Board of the Incorporated Village of Lawrence dated November 9, 1994, denying, after a hearing, an application for a proposed subdivision of property, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered September 18, 1995, which annulled the determination and directed the appellants to grant the proposed subdivision.

Ordered that the judgment is reversed, on the law, with costs, and the petition is dismissed on the merits.

The petitioner is the contract vendee of two adjacent lots

(hereinafter the subject property) in the Village of Lawrence in Nassau County. The petitioner sought permission from the appellants to subdivide the subject property into three lots in order to build a single-family dwelling on each. After a hearing and submissions by the petitioner, the appellants denied the requested subdivision, *inter alia*, on the ground that the petitioner had failed to adequately address what effect, if any, the proposed subdivision and ensuing construction would have on flooding and runoff on the subject property. The Supreme Court annulled the determination and directed that the proposed subdivision be granted. We reverse.

A planning board may not base a determination on the generalized concerns and conclusory statements of interested citizens (*see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 66 NY2d 893; *Matter of McDonald's Corp. v Rose*, 111 AD2d 850), especially when rebutted by probative evidence to the contrary (*see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals, supra; Matter of C & A Carbone v Holbrook*, 188 AD2d 599; *Reed v Planning Bd.*, 120 AD2d 510). However, a planning board may apply its "discretion and commonsense judgments" to the facts as presented (*see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals, supra*) and may require that issues raised by such facts be addressed by the applicant (*see, Matter of AHU Realty Corp. v Goodwin*, 81 AD2d 637). Here, owners of adjacent and neighboring parcels of land testified at the hearing that the property at issue was subject to severe flooding. Further, the owners testified that this flooding resulted in runoff which, *inter alia*, damaged adjacent homes and properties, and flooded the sole access road to a residential area known as the Isle of Wight, thereby blocking ingress and egress by residents and emergency vehicles, and covering fire hydrants. Owners testified that the flooding problem had been exacerbated by prior construction projects on the subject property that had been aborted. This testimony, which was based on long-term personal observations and, in one instance, supported by photographic evidence, was not the type of conclusory or general objections found insufficient in the cases cited above, but rather was sufficient to raise legitimate and serious questions about the effect of the proposed subdivision and ensuing construction on flooding and runoff, and to support a demand by the appellants for further information. However, in response to such a demand, the petitioner, who professed ignorance of the flooding problem at the hearing, merely submitted three cursory and conclusory letters which opined that the proposed subdivision and construction would not

exacerbate the flooding problem. The letters, two of which did not state, *inter alia*, the factual basis for the assertions made therein, lacked evidentiary value and were inadequate to address the issues raised at the hearing. Accordingly, on the record before it, the appellants' determination that the proposed subdivision should be denied was supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176). Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.