■ In the Matter of Terra Homes, Inc., Respondent, v LLOYD SMALLWOOD, JR., as Chairman of the Nassau County Planning Commission, et al., Appellants. [667 NYS2d 920] —In a proceeding pursuant to CPLR article 78 to review two determinations of the Nassau County Planning Board, both dated June 29, 1995, which, after a hearing, denied the petitioner's applications for preliminary subdivision approval and waiver of subdivision filing requirements, respectively, the appeal is from a judgment of the Supreme Court, Nassau County (Winick, J.), entered October 4, 1996, which annulled the determinations and directed the Nassau County Planning Commission to grant the petitioner's applications. The notice of appeal from the order dated July 2, 1996, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order dated July 2, 1996, is vacated, the petition is denied, the proceeding is dismissed, and the determinations of the Nassau County Planning Board are reinstated.

The petitioner is a developer which sought preliminary subdivision approval and waiver of filing requirements for a plan to subdivide its property into eight separate residential lots. Access was to be provided by two roads terminating in cul-de-sacs, each of which was to abut four of the newly subdivided lots.

The Nassau County Planning Commission (hereinafter the

Commission) denied the applications on the ground that the newly created access roads would impair the future use of four existing residential lots which would abut the proposed access roads, as the construction of the access roads would render the existing lots corner parcels with increased setback requirements. The Supreme Court granted the petition to annul the determinations, concluding that the Commission's findings were arbitrary and capricious.

We disagree. A court may substitute its judgment for that of a planning board only when the planning board has abused its discretion or has acted arbitrarily or illegally (*see, Matter of Koncelik v Planning Bd.*, 188 AD2d 469; *Matter of Marx v Planning Bd.*, 185 AD2d 348). In exercising its authority to grant or deny approval of a subdivision, a planning board may properly consider the impact the proposed subdivision would have on the safety and general welfare of the adjacent areas (*see, Matter of Pearson Kent Corp. v Bear*, 28 NY2d 396). It is undisputed that the proposed access roads would render the four abutting parcels nonconforming. The Commission properly applied its discretion and common sense judgment in evaluating the impact of the access roads on the existing parcels (*see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 66 NY2d 893; *Matter of Michelson v Warshavsky*, 236 AD2d 406), and its determination should not have been disturbed. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.