■ In the Matter of HOME DEPOT, USA, INC., Respondent, v TOWN OF MOUNT PLEASANT et al., Appellants. [741 NYS2d 274] —In a proceeding pursuant to CPLR article 78 to review the appellants' determinations, dated December 20, 1999, which denied the applications by the petitioner Home Depot, USA, Inc., for site plan approval and a wetlands control permit, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered October 18, 2000, as annulled the determinations.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the determination denying site plan approval is confirmed, so much of the proceeding as sought review of the determination denying the wetlands control permit is dismissed as academic, and the proceeding is otherwise dismissed on the merits.

The appellants denied site plan approval, based, inter alia, on their finding that the proposed development was out of character with the surrounding area. According to the appellants, the site plan ignored "the carefully planned, attractive 'campus-style' development that characterized much of the * * * OB-5 Zoning District." They asserted that the design involved the "irretrievable removal of a forested hillside into a nearly level terrace with steep slopes (45-60 degrees) and areas of exposed bedrock within 50-80 feet of the eastern border of the site," and the construction of "[m]assive lengths" of retaining walls up to 20 feet high along the western perimeter. The appellants contend that this "destructive and constricting development pattern" was "caused by the selection of an insufficient project site area that does not accommodate the Petitioner's proposed project."

In response to these allegations, the petitioner acknowledged that the design is "shoehorned" into the proposed site. According to the petitioner, it initially submitted a site plan with a "gradual, sloping grade towards the store and parking area." However, that plan was rejected, on the grounds that it failed

to meet parking requirements, and failed to minimize wetlands encroachment.

The appellants contend that the petitioner initially miscalculated parking requirements. The petitioner contends that those requirements are "excessive." However, the propriety of the parking requirements is not before us.

The petitioner and the appellants both point to the Tops Appliance City retail store located in close proximity to the petitioner's proposed development. The appellants note that that facility is significantly smaller, and includes "terraced parking areas that internally connect with an adjacent multistory corporate office building."

In light of the petitioner's acknowledgment that the project is "shoehorned" into the proposed site, and the appellants' specific findings that the project is not in keeping with the surrounding area, the denial of site plan approval was not arbitrary and capricious, and was supported by substantial evidence. The record indicates that the project would bring about "a noticeable change in the visual character" of the area (*Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba,* 238 AD2d 93, 98-99), and further, that that change would be irreversible. The appellants' findings that the proposed site plan is not desirable at this particular location is not based upon general objections or conclusory findings (*cf., Matter of Holbrook Assoc. Dev. Co. v McGowan,* 261 AD2d 620).

Since site plan approval was properly denied, the question of whether the wetlands control permit should have been granted with respect to that site plan is academic, and need not be addressed. Smith, J.P., Goldstein, Luciano and Crane, JJ., concur.