■ In the Matter of INTERNATIONAL INNOVATIVE TECHNOLOGY GROUP CORP., Appellant, v PLANNING BOARD OF TOWN OF WOODBURY, NEW YORK, Respondent. [799 NYS2d 544]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Woodbury dated May 21, 2003, which conditionally granted the petitioner's application for final subdivision plat approval, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), dated December 2, 2003, which granted the motion of the Planning Board of the Town of Woodbury, in effect, for summary judgment dismissing the peti-

tion, denied the petition, confirmed the determination, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

On June 27, 2003, the petitioner commenced this proceeding pursuant to CPLR article 78 challenging those portions of the determination of the Planning Board of the Town of Woodbury (hereinafter the Planning Board) which imposed certain conditions upon final approval of the petitioner's subdivision application for a proposed 21-lot residential development known as Apple Hill Estates. The Planning Board moved to dismiss the petition upon objections in point of law that the petitioner's challenge to certain of the conditions of final subdivision approval was time barred pursuant to Town Law § 282 and that the Planning Board did not act illegally or in an arbitrary and capricious manner in imposing conditions on final subdivision approval. The Planning Board supported its motion with affidavits of the Town's Water and Sewer Superintendent and consulting engineer, and simultaneously filed its answer and certified return. Treating the motion as one for summary judgment, the Supreme Court granted the Planning Board's motion, denied the petition, confirmed the determination, and dismissed the proceeding.

On appeal, the petitioner concedes that two of the challenged conditions of final subdivision approval, the creation of a drainage district and water supply testing, have been rendered academic since it has now satisfied those conditions. Accordingly, we express no opinion with respect to the petitioner's challenge to those two conditions.

With respect to the remaining challenged conditions of final subdivision approval, several of them, i.e., an agreement with the town as to the ownership, maintenance, and control of drainage structures, a restoration bond, parkland fees, phasing of construction, and municipal street improvement, were also conditions of the Planning Board's preliminary subdivision approval. The preliminary approval resolution provided that these conditions were either to be completed by the petitioner prior to final approval, to be submitted by the petitioner with the final subdivision plans, or would be a condition of final approval. Accordingly, we agree with the Supreme Court that the Planning Board's determination with respect to these conditions was final and binding on the petitioner and, thus, triggered the running of the 30-day statute of limitations of Town Law § 282 for challenging these conditions of subdivision approval, upon the filing of the preliminary approval resolution with the Town Clerk on January 17, 2001 (see Matter of Long Is. Pine Barrens

*Socy. v Planning Bd. of Town of Brookhaven,* 78 NY2d 608, 610 [1991]). Since the petitioner did not commence this proceeding within 30 days of the filing of the preliminary approval resolution, it is now time-barred from challenging these conditions of final approval (*see* Town Law § 282).

Following public hearings on the final plot application, the Planning Board imposed conditions restricting the installation of lawn sprinkler systems and the posting of a bond obligating the petitioner to investigate reported impacts on surrounding wells after development. The petitioner's challenge to these conditions is without merit. A planning board may properly consider the impact the proposed subdivision would have on the safety and general welfare of the adjacent areas (*see Matter of Pearson Kent Corp. v Bear,* 28 NY2d 396, 398 [1971]; *Matter of Terra Homes v Smallwood,* 247 AD2d 394, 395 [1998]). "[A] condition may be imposed upon property so long as there is a reasonable relationship between the problem sought to be alleviated and the application concerning the property" (*Matter of Mackall v White,* 85 AD2d 696 [1981]; *see Holmes v Planning Bd. of Town of New Castle,* 78 AD2d 1, 19 [1980]). The restriction was within the Planning Board's power to impose and was a reasonable means of assuring area residents of an adequate water supply (*see Matter of Koncelik v Planning Bd. of Town of E. Hampton,* 188 AD2d 469, 470-471 [1992]; *Matter of Bryn Mawr Props. v Fries,* 160 AD2d 1004, 1005-1006 [1990]).

Furthermore, contrary to the petitioner's contention, there is nothing in the record to indicate that the imposition by the Planning Board of the conditions of final subdivision approval was made in bad faith or with malice, or that the petitioner was treated disparately. Rather, the record reflects that the Planning Board took into consideration the close proximity of the property to Earl Reservoir, a town recreational facility and former reservoir which is still a potential source of potable water, and considered the potential environmental and other impacts upon the surrounding area (*see Matter of Bryn Mawr Props. v Fries, supra; New City Off. Park v Planning Bd. of Town of Clarkstown,* 144 AD2d 348, 349 [1988]). The record also indicates that during the subdivision approval process, the Planning Board worked closely with the petitioner to formulate an appropriate subdivision design for the property and the petitioner agreed to many of the conditions ultimately imposed upon subdivision approval. Therefore, the petitioner's allegations of bad faith, malice, and disparate treatment on the part of the Planning Board are unsupported by the record. Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.