In the Matter of Two TREES FARM, INC., et al., Respondents, v PLANNING BOARD OF TOWN OF SOUTHAMPTON, Appellant. [815 NYS2d 704]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Southampton dated September 12, 2002, which, upon a determination dated April 25, 2002, in effect, amending a draft environmental impact statement, and upon a determination dated August 8, 2002, accepting a final environmental impact statement, inter alia, adopted a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) and conditionally approved the petitioners' application for preliminary subdivision approval, the Planning Board of the Town of Southampton appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered November 17, 2004, which granted the petition, in effect, annulled the determinations, remitted the matter for further proceedings and, in effect, directed it to approve the application.

Ordered that the judgment is modified, on the law, by delet-

ing the provision thereof, in effect, directing the Planning Board of the Town of Southampton to approve the petitioners' application for preliminary subdivision approval; as so modified, the judgment is affirmed, without costs or disbursements.

The Planning Board of the Town of Southampton (hereinafter the Planning Board), was acting as lead agency for purposes of the environmental review of the petitioners' proposed subdivision. The Planning Board amended the petitioners' draft environmental impact statement (hereinafter the DEIS) due to a concern that the subdivision was inconsistent with the goals of a voluntary program that had recently been implemented, giving landowners in the area in which the petitioners' land was located certain incentives to conserve the agricultural portions of their property. Hence, the Planning Board did not amend the DEIS because it failed to address, or inadequately addressed, some adverse environmental impact (cf. 6 NYCRR 617.9 [a] [7] [i]). Under these circumstances, we conclude that the Planning Board's determination to amend the DEIS was arbitrary and capricious, and constituted an abuse of discretion (cf. *Matter of Bryn Mawr Props. v Fries,* 160 AD2d 1004 [1990]). Accordingly, the Supreme Court correctly annulled that determination (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688 [1996]; *Akpan v Koch,* 75 NY2d 561, 570 [1990]; *Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363 [1986]; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416 [1986]). Furthermore, the court correctly annulled the Planning Board's subsequent determinations to accept the final environmental impact statement (hereinafter the EIS), adopt the findings statement, and impose certain conditions on the preliminary subdivision approval, and correctly required further environmental review based on the DEIS that the petitioners had submitted, as it is clear that the EIS, findings statement and conditions were based on the improper amendment to the DEIS (*see* 6 NYCRR 617.2 [p]; 617.9 [b] [8]; 617.11 [a]).

However, the Supreme Court incorrectly, in effect, directed the Planning Board to approve the preliminary subdivision application, that is, to find that the project was one that minimized adverse environmental impacts to the maximum extent practicable. While it was certainly proper for the court to "ensure" that the Planning Board gave "due consideration to pertinent environmental factors," the court was "not free to substitute its judgment for that of" the Planning Board "on substantive [SEQRA] matters" (*Akpan v Koch, supra* at 571).

The Planning Board's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.