■ In the Matter of DAVID LAYNE et al., Appellants, v EASTCHESTER PLANNING BOARD, Respondent. [905 NYS2d 275]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Eastchester Planning Board dated February 27, 2008, which, after a hearing, granted the application of Jalo Realty, LLC, for a special permit, site plan approval, and architectural review approval for a 10-unit multifamily dwelling, on condition that Jalo Realty, LLC, demolish existing structures and merge three tax lots into one lot, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Hubert, J.), dated July 7, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Jalo Realty, LLC (hereinafter Jalo), is the owner of three adjacent pieces of real property, which are designated as three separate tax lots. One lot is located entirely within a single-family zoning district, and one lot is located entirely within a retail business district, which permits multifamily residential units. The third lot, situated in between the other two lots, is divided by the boundary between those two zoning districts. In June 2007, Jalo applied to the Town of Eastchester Planning Board (hereinafter the Planning Board), inter alia, for site plan approval to build 10 multifamily units on the three lots. As part of its application, Jalo sought a special permit pursuant to section 7 (A) of the Town of Eastchester Zoning Code, which provides that where the boundary of a district divides a lot, a special use permit may be granted to extend a lawful conforming use on that portion of the lot lying in the less restricted district 75 feet into the more restricted district, provided all other requirements of the more restricted district are met. In a determination dated February 27, 2008, the Planning Board granted the application on the condition that Jalo demolish the existing structures and merge the three tax lots into one lot. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the determination.

The Supreme Court properly denied the petition and dismissed the proceeding. Contrary to the petitioners' contention, the Planning Board's determination had a rational basis and was not arbitrary, capricious, or contrary to law (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Weber v Baranello*, 63 AD3d 955 [2009]). Jalo demonstrated that the contemplated use was in conformance with the legislatively imposed conditions (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]; *Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 694 [2007]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d 804, 805 [2003]).

The petitioners' remaining contentions are without merit. Fisher, J.P., Santucci, Miller and Lott, JJ., concur.