■ In the Matter of DAVID VALENTINE, Respondent, v MICHAEL McLAUGHLIN et al., Respondents. JONATHAN BLUM, Intervenor-Appellant. [930 NYS2d 51]—

This appeal concerns the proposed improvement of a right-of-way easement in the Town of Mount Pleasant. The easement benefits a parcel owned by the petitioner, David Valentine, and burdens a parcel owned by Jonathan Blum, among others. The right-of-way, commonly known as Terrace Place (hereinafter Terrace Place), runs down a steep hill and around an approximately 90-degree curve.

After purchasing his parcel, Valentine sought approval from the Planning Board of the Town of Mount Pleasant (hereinafter the Planning Board) to develop Terrace Place. Valentine's site plan included, inter alia, extensive excavations, the removal of several large trees, and the erection of retaining walls which, at points, reached 12 feet in height along the sides of a roadway which was proposed to be constructed below the grade of the adjacent lot. Although the question of whether Terrace Place satisfied the street access requirements of Town Law § 280-a was raised, the Planning Board, after a hearing, ultimately denied approval for Valentine's proposed site plan on the basis that it was unsafe and contrary to the public welfare.

Valentine commenced this CPLR article 78 proceeding challenging the Planning Board's determination, and the Supreme Court granted Blum leave to intervene as a respondent in the proceeding. In a judgment, the Supreme Court thereafter granted the petition on the ground that the Planning Board's determination to deny the petitioner's application was arbitrary and capricious, annulled the determination, and directed the Planning Board to approve Valentine's site plan, but did not make explicit findings regarding the legal status of Terrace

Place. Blum thereafter moved to renew his opposition to the petition, but the Supreme Court denied his motion. Blum appeals from both the judgment and the order.

The authority to approve or deny applications for site development plans is generally vested in local planning boards (*see* Town Law § 274-a [2] [a]). "Site plans shall show the arrangement, layout and design of the proposed use of the land on said plan. The ordinance or local law shall specify the land uses that require site plan approval and the elements to be included on plans submitted for approval. The required site plan elements which are included in the zoning ordinance or local law may include, where appropriate, those related to parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, adjacent land uses and physical features meant to protect adjacent land uses as well as any additional elements specified by the town board in such zoning ordinance or local law" (Town Law § 274-a [2] [a]; *Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead*, 63 AD3d 938, 939 [2009]). Town Law § 274-a (4) provides that a planning board, where authorized by ordinance or local law, "shall have the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan." The Planning Board has been given that authority pursuant to Code of Town of Mount Pleasant § 218-97.

"In conducting . . . site plan review, the Planning Board is required to set appropriate conditions and safeguards which are in harmony with the general purpose and intent of the Town's zoning code, and which give particular regard to, inter alia, achieving conformance of the final site development" with any town development plan (*Matter of Commerce Bank N.A. v Planning Bd. of Town of Bedford*, 47 AD3d 810 [2008]). To this end, a planning board may properly consider criteria such as whether the proposed project is consistent with the use of surrounding properties, whether it "would bring about 'a noticeable change in the visual character' of the area," and whether the change would be irreversible (*Matter of Home Depot, USA v Town of Mount Pleasant*, 293 AD2d 677, 678 [2002], quoting *Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 98-99 [1998]; *cf. Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead*, 45 NY2d 105, 109 [1978]).

In applying these criteria to proposed site plans, "[a] local planning board has broad discretion . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brook-*

*haven*, 73 AD3d 925, 926 [2010] [internal quotation marks omitted]; *see Matter of Layne v Eastchester Planning Bd.*, 75 AD3d 643, 644 [2010]; *Matter of Koncelik v Planning Bd. of Town of E. Hampton*, 188 AD2d 469, 470 [1992]). Where a planning board's decision has a rational basis in the record, a court may not substitute its own judgment, even where the evidence could support a different conclusion (*see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236, 241 [2005]; *Matter of MLB, LLC v Schmidt*, 50 AD3d 1433, 1435-1436 [2008]; *Matter of Centennial Hill Partnership v Town of Warwick Planning Bd.*, 221 AD2d 529 [1995]; *see also Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949 [2010]; *Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d at 926; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]).

Here, as the basis for its denial of approval of Valentine's site plan, the Planning Board cited (1) the grade of the driveway, combined with the 90-degree turn and deep cut bordered by high retaining walls; (2) the fact that emergency vehicles, and, in particular, fire trucks, would have difficulty negotiating the turn; (3) the proposed erection of "[e]xcessively large retaining walls"; (4) the failure to adequately demonstrate how the retaining walls could be constructed without encroaching on neighboring properties; (5) the possibility that construction of the retaining walls might require excavation or grading on the neighboring properties; (6) the failure to make provisions for snow removal; and (7) the lack of safe pedestrian access. Given the specificity of these conclusions and the evidence supporting them, the Planning Board's denial of the petitioner's application was "premised on clear findings of deleterious changes that adversely affect the adjoining area" (*Matter of Eastern N.Y. Props. v Cavaliere*, 142 AD2d 644, 646 [1988]). Moreover, although there was conflicting evidence on some of these points, the Planning Board's commonsense judgment that the petitioner's site plan was not suitable to the topography of the area or to the character of the neighborhood was well supported by the record before it (*see Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 66 NY2d 893, 895 [1985]; *Matter of Green v Planning Bd. of Town of New Castle*, 220 AD2d 415, 416 [1995]; *compare Matter of MLB, LLC v Schmidt*, 50 AD3d at 1435-1436; *Matter of Home Depot, USA v Town of Mount Pleasant*, 293 AD2d at 677-678; *New City Off. Park v Planning Bd. of Town of Clarkstown*, 144 AD2d 348, 349 [1988]). Accordingly, the Supreme Court erred in substituting its judgment for that of the Planning Board (*see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d at

241; *Matter of Centennial Hill Partnership v Town of Warwick Planning Bd.*, 221 AD2d at 529), and in consequently annulling the Planning Board's determination.

In light of the foregoing, we need not address the parties' remaining contentions regarding the judgment. Likewise, in light of our disposition of the appeal from the judgment, Blum's appeal from the order has been rendered academic. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.