Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd. (2018 NY Slip Op 08138)





Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd.


2018 NY Slip Op 08138


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-06415
 (Index No. 442/15)

[*1]In the Matter of Rock of Salvation Church, appellant,
v
Village of Sleepy Hollow Planning Board, et al., respondents-respondents; 139 Cortlandt Street, LLC, intervenor respondent-respondent.


George W. Echevarria, Ossining, NY, for appellant.
McCarthy Fingar LLP, White Plains, NY (Anna L. Georgiou of counsel), for respondents-respondents Village of Sleepy Hollow Planning Board and Village of Sleepy Hollow.
Daniel J. Pennessi, Bronxville, NY, for intervenor respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Sleepy Hollow dated April 16, 2015, which, after a hearing, imposed certain conditions on the petitioner's application for approval of a site plan, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rolf M. Thorsen, J.), dated April 29, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents-respondents and the intervenor respondent-respondent appearing separately and filing separate briefs.
The petitioner, Rock of Salvation Church (hereinafter the church), is located at 131 Cortlandt Street, in the Village of Sleepy Hollow. The church purchased the adjoining property, located at 135 Cortlandt Street, in July 2012. The premises located at 135 Cortlandt Street, and the premises located at 139 Cortlandt Street, located on the other side of 135 Cortlandt Street, formerly had a common ownership. In July 1998, while the parcels were still under common ownership, the Village approved a site plan for 139 Cortlandt Street. The 1998 site plan reflected use of a common driveway, certain shared parking spaces, and contemplated certain shared drainage facilities between 135 Cortlandt Street and 139 Cortlandt Street. On July 23, 1999, in accordance with the conditional site plan approval, the former owners signed a Declaration of Easement dedicating five parking spaces on 135 Cortlandt Street to benefit the tenants and/or occupants of 139 Cortlandt Street, and an easement over 135 Cortlandt Street necessary to accomplish that dedication. The Declaration of Easement was not filed with the office of the Westchester County Clerk, although it was allegedly filed with the Village. Currently, the premises located at 139 Cortlandt Street are owned by the intervenor, 139 Cortlandt Street, LLC.
In June 2013, the church submitted an application to the Village's Planning Board [*2](hereinafter the Planning Board) for site plan approval of an off-street parking lot to be located at 131 and 135 Cortlandt Street to provide parking to its parishioners. After public hearings, the Planning Board granted the application with certain conditions, including that the church remove the planned implementation of a vehicular gate for the parking lot, and that the church record an access and drainage easement upon 135 Cortlandt Street for the benefit of 139 Cortlandt Street, "consistent with historical uses and practices." The petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court denied the petition and dismissed the proceeding. The church appeals.
"The authority to approve or deny applications for site development plans is generally vested in local planning boards" (Matter of Valentine v McLaughlin, 87 AD3d 1155, 1157, citing Town Law § 274-a[2][a]). Town Law § 274-a(4) provides that a planning board, where authorized by ordinance or local law, "shall have the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan." Here, the Planning Board has that authority pursuant to Village of Sleepy Hollow Code § 450-68(A). Thus, "[i]n conducting . . . site plan review, the Planning Board is required to set appropriate conditions and safeguards which are in harmony with the general purpose and intent of the Town's zoning code . . . To this end, a planning board may properly consider criteria such as whether the proposed project is consistent with the use of surrounding properties, whether it would bring about a noticeable change in the visual character of the area, and whether the change would be irreversible" (Matter of Valentine v McLaughlin, 87 AD3d at 1157 [internal quotation marks and citations omitted]).
"In applying these criteria to proposed site plans, [a] local planning board has broad discretion . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Valentine v McLaughlin, 87 AD3d at 1157-1158, quoting Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven, 73 AD3d 925, 926 [internal quotation marks omitted]). "Where a planning board's decision has a rational basis in the record, a court may not substitute its own judgment, even where the evidence could support a different conclusion" (Matter of Valentine v McLaughlin, 87 AD3d at 1158; see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 5 NY3d 236, 241; Matter of MLB, LLC v Schmidt, 50 AD3d 1433, 1435-1436; Matter of Centennial Hill Partnership v Town of Warwick Planning Bd., 221 AD2d 529).
We agree with the Supreme Court's determination that the Planning Board's approval of the church's application, subject to the conditions at issue herein, had a rational basis, was not illegal, and was not arbitrary and capricious (see Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead, 164 AD3d 501, 503; Matter of Ostojic v Gee, 130 AD3d 927, 929).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court