■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered January 6, 1983, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The *Wade* hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress an in-court identification of him by the surviving witness, Julia McDonald. McDonald testified that she had known the defendant from the neighborhood and had seen him several times a week for the half-year period preceding the murder. Hence, while the use of a single photograph and a showup should have been avoided, they were confirmatory and did not create any danger of misidentification (*see, People v Tas,* 51 NY2d 915, 916; *People v McNeill,* 129 AD2d 818; *People v Fleming,* 109 AD2d 848, 849). Nor did the fact that Justice Ramirez did not recuse himself from the *Wade* hearing constitute error (*see, People v Brown,* 62 NY2d 743). Unlike *Brown,* the hearing issues here did not involve visual inspections of any exhibits, such as photographs of a lineup or of an array that is claimed to be suggestive, that needed to be made by someone with adequate eyesight.

The court's refusal to allow a defense investigator to testify to the declarations of a possible eyewitness to the crime did not deprive the defendant of a fair trial. Unlike *Chambers v Mississippi* (410 US 284), the statements here did not reflect,

even indirectly, on the defendant's innocence *(cf., Chambers v Mississippi, supra,* at 297). Moreover, the contents of the statement here were not corroborated by evidence or by circumstances which would have given them a strong degree of reliability *(Chambers v Mississippi, supra,* at 298-301; *see also,* Richardson, Evidence § 281 [Prince 10th ed]).

Since proof of the attempted murder rested on a combination of direct and circumstantial evidence, the court's failure to include a "moral certainty" instruction in its charge on circumstantial evidence was not error *(see, People v Barnes,* 50 NY2d 375, 380; *see also, People v Sanchez,* 61 NY2d 1022; *People v Kennedy,* 47 NY2d 196, 202). We have considered the defendant's other contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.