THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FATIMAH BASIR, Appellant

The evidence that the defendant murdered her daughter consisted of her inculpatory statements to the police and others and a great deal of circumstantial evidence, including forensic evidence, photographs of the dead child, and a history of violence and abuse against the child and the defendant's surviving five children.

The defendant's assertion that the case consists solely of circumstantial evidence is incorrect (see, People v Giuliano, 65 NY2d 766). A confession is direct evidence (see, People v Rosner, 67 NY2d 290, 295; People v Licitra, 47 NY2d 554, 559; People v Lambert, 125 AD2d 495; Richardson, Evidence § 145 [Prince, 10th ed, 1985 Supp]). The defendant's confessions, which consisted of statements that the child would never steal from her again because she "fixed her", "I did it", and "Allah, why did you make me do it again", constituted direct evidence of the defendant's guilt. Since the case against the defendant consisted of direct and circumstantial evidence, the "moral certainty" analysis does not apply in reviewing the sufficiency of the evidence presented (see, People v Barnes, 50 NY2d 375, 380; People v Rumble, 45 NY2d 879).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Indeed, the evidence, including evidence that the defendant beat the child repeatedly before strangling her, overwhelmingly proved that she was guilty of depraved indifference murder (see, Penal Law § 125.25 [2]). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Since proof of the murder rested on a combination of direct and circumstantial evidence, the court's failure to give a comprehensive "moral certainty" instruction to the jury was not error (see, People v Barnes, 50 NY2d 375, supra; People v Johnson, 134 AD2d 617; People v Ellis, 146 AD2d 709).

It is well established that evidence of prior bad acts is inadmissible if its sole purpose is to show a predisposition to commit the crime charged (see, People v Allweiss, 48 NY2d 40). However, it is equally well established that evidence

otherwise relevant to a material fact is not rendered inadmissible merely because it reveals that the defendant has committed another crime. Evidence of prior bad acts may be relevant to motive, intent, the absence of mistake or accident, or identity (see, People v Molineux, 168 NY 264). Particularly in cases involving child abuse, evidence of prior bad acts is highly relevant to establish a lack of mistake or accident (see, People v Henson, 33 NY2d 63).

When it is determined that evidence of other bad acts is relevant, the court must weigh the probative value against the prejudicial effect and, where the probative value is slight in comparison to the potential for prejudice, the evidence should not be admitted (see, People v Hudy, 73 NY2d 40; People v Sims, 110 AD2d 214). The trial court, in the exercise of its discretion, may allow evidence of uncharged crimes with appropriate limiting instructions, if it helps establish some element of the crime under consideration (see, People v Satiro, 72 NY2d 821; People v Alvino, 71 NY2d 233). In the case at bar, the court properly admitted evidence that the defendant frequently beat her children. Since the defendant sought to establish that the child was murdered by an unidentified man or persons with access to her room key, the evidence of her prior beatings of her children was admissible to show identity. Further, it was admissible to establish intent and negate any claim of accident. The court gave a thorough instruction that the jury was not to consider the prior acts as indicative of propensity but only to consider them relative to identity and the absence of mistake. We agree that the probative value of this evidence outweighed any prejudicial effect. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.