OPINION OF THE COURT
Robert F. Julian, J.
Question Presented: Petitioners, by a CPLR article 78 proceeding, contend that the regular use of two-, three- and four-wheel recreational vehicles on property zoned rural-residential is a customary use permitted under the town zoning ordinance; and that the Town’s order prohibiting use of these vehicles on worn tracks on the petitioners’ property is arbitrary, capricious and an abuse of discretion.
Holding: Use of these vehicles by the petitioners is permitted and the Town did abuse its discretion. Petition granted. *808 Discussion: This case highlights a growing source of discord in rural/suburban America, the conflict between users of recreational all-terrain vehicles and those who believe such vehicles breach their individual rights to peace and quiet. This matter arises out of the use of recreational all-terrain two-, three- and four-wheel vehicles by the petitioners on their multi-acre property in the Town of Paris. Motivated by certain neighbor complaints, the respondent Town of Paris intervened, attempting to use its zoning ordinance, which defines a rural-residential use consistent with other communities in the state similarly situated, as a basis to prohibit such use. The Town contends that the petitioners’ use of the aforementioned vehicles is not a customary use and that they have created a “race track,” which is not a permitted use. The respondent issued an “Order to Remedy Violation” dated September 7, 2001, and after public comment required the petitioners to remedy a zoning violation at petitioners’ property at 1952 Green Crossing Road, Cassville, New York. The alleged violation was “non permitted use of premises (motorcycle or three or four wheel vehicle track),” and cited article V, § 7 of the Town of Paris Zoning Ordinance as the source of authority for the order. The cited section in turn refers to a table of acceptable uses under the ordinance. The petitioners’ property is within a rural-residential (R-R) zone. The applicable table, “Schedule A” of the ordinance states that permitted principal uses include one- or two-family dwelling, farm, nursery, truck garden and “Customary Accessory Building or use.”
The petitioners timely brought this article 78 proceeding to challenge the Town’s order. The court issued a decision on April 9, 2002, ordering a hearing pursuant to Town Law § 267-c. The court held a hearing commencing on May 13, 2002. The court has found the following facts and made the following determinations:
The petitioners’ property consists of approximately 135 acres, including a one-family residence. The petitioners use their property, among other things, for the operation of various recreational vehicles by friends, neighbors, and family members.
The Town raised, as a threshold bar to relief to the petitioners, the claim that the identical issue had been resolved by Honorable John Murad, Justice of the Supreme Court, in Matter of Cole v Paris (Index No. 99-1993), in a decision dated March 28, 2000. Justice Murad there found that a “motorcycle racing track” is not a customary accessory use of property in an *809 R-R district in the Town of Paris. The respondents, invoking stare decisis, assert that the Cole decision should be followed herein. The court was provided with, and makes part of the record herein, all papers and proofs before Justice Murad in Cole. The court, having heard from witnesses called by both parties, and having reviewed all the papers and proceedings in Cole, concludes that the proof is clear and undisputed that the worn paths located on the Spinella property have none of the indices of a “motorcycle race track.” The facts here and in Cole are decidedly different, and the court is therefore not bound by the prior decision of Justice Murad, which is simply inapplicable.
The factual issue before the court was, therefore, whether or not the use of recreational vehicles, such as motorcycles, three-wheelers, four-wheelers and other like vehicles, and the concomitant worn paths left by their use, constitutes a customary accessory use in R-R residential districts in the Town of Paris. The court, having heard from witnesses called by both parties on this issue, concludes that the Spinellas’ use of recreational vehicles, such as motorcycles, three-wheelers, four-wheelers and other like vehicles, including the creation of worn paths and trails associated therewith, is a customary accessory use of such property in the Town of Paris.
It is undisputed that, in addition to recreational vehicles, Mr. and Mrs. Spinella utilize vehicles for the purpose of maintaining their acreage and travel on paths, some of which were preexisting their ownership, for the purpose of obtaining fire wood and otherwise maintaining their acreage. Mr. Spinella drew on an exhibit his specific uses of worn paths by truck and other vehicles for the purpose of maintaining the property. This use constitutes a substantial portion of the worn path footage located on the property.
It is undisputed that over and above this use there are other worn paths that are utilized exclusively for recreational vehicles, although in virtually all circumstances those paths connect to the worn paths that are also utilized for maintenance purposes. It is also acknowledged that the paths used for maintenance purposes are coincidentally also ridden on by recreational vehicles.
The Spinellas have described the use of their property for recreational vehicles. There was no proof of “racing,” but rather recreational, leisure time riding by themselves, their children and certain of their friends. The Spinellas testified that the worn paths have been created both by design and use and that *810 they have endeavored to maintain the paths to the extent of making them free of rocks, leveling them, and doing other routine maintenance for the safety of users of the property.
The Town takes the position that the use of recreational vehicles of this type is allowed but not to the extent that repetitive use creates a race track. The Town contends that the Spinellas’ use of the property is as a race track and thus prohibited under the zoning ordinance. The Town argues that this is not a customary use envisioned by the zoning ordinance. The Town indeed endeavored to argue that under article V, § 7 of the zoning ordinance “customary accessory buildings or use” is simply defined as outbuildings and swimming pools, and that no other use is permitted as a customary use under the zoning ordinance and thus a hearing was not indicated as a matter of law. The Town Zoning Officer acknowledged however that section 7 did not encompass customary accessory use, that customary accessory use was not defined in that section, and that section 7 was really directed toward a definition of customary accessory outbuildings. Indeed section 7 solely defines customary accessory outbuildings. Therefore, the court rejects the Town’s argument that the zoning ordinance defines “customary accessory use” in section 7 and concludes that the definition and scope of “customary accessory use” is a question of fact, and cannot be determined by definitions within the four corners of the zoning ordinance. A hearing was properly ordered for the purpose of determining whether or not petitioners’ use was a “customary accessory use” of their property.
The facts demonstrate that the real issue here is not an inappropriate use of the property as restricted by the zoning ordinance, but that the use by the Spinellas of their vehicles caused complaints of noise and dust by certain neighbors. Exhibit 1 of the affidavit of Mark Bartlett sets forth a series of complaints from certain neighbors with regard to noise. The Town of Paris does not have a noise ordinance or a nuisance ordinance of any type, and rather than the Town Board making the necessary public policy decisions and implementing legislation associated therewith to abate noise and dust, the court is being asked to engage in a legislative expansion of the zoning ordinance to achieve the same purpose.
The court rejects this request and will not step into the shoes of the Town Board or underwrite the Board’s attempt to step out of them. The Town cannot bootstrap itself into a noise or nuisance ordinance by asking the court to judicially expand the zoning law to somehow embrace and encompass the law of *811 nuisance. The decision of Justice Siracuse in Town of Mendon v Bartholf (Sup Ct, Monroe County 2000, Index No. 1999/5023) is on all fours with the case at bar and the court finds his research and reasoning to be correct and, really, flawless. In Town of Mendon (supra), the court held that use of cross-country motorcycles on a pathway the Town alleged to be a track was a customary accessory use. Indeed, if stare decisis were to be the basis of decision in this case, Town of Mendon, rather than Cole, would be the controlling case:
“The evidence before the court leaves little doubt that recreational motorcycle riding is a customary accessory use of residential property in the Town of Mendon. The Town’s attempt to cast this action in terms of the track itself is of no avail. The track is not a structure, and more to the point it has no effect at all on the character of Shane Bartholfs activity or on its impact on nearby property owners. If motorcycle riding creates undue amounts of noise a Town noise ordinance would be an appropriate way of limiting it; but no such ordinance appears to have been enacted. The zoning code cannot be forced in to do its job. ‘Operating a motocross track’ sounds like a zoning violation, but in this case its true meaning is ‘riding a cross-country motorcycle’ — and so framed the Town’s claim at best sounds in nuisance.”
There can be no question based upon the testimony of various town residents that it is a customary use of property in the R-R district of the Town of Paris to have and use off-road recreational vehicles. While the Town’s determination that there is a motorcycle track on the Spinellas’ property and therefore a zoning violation based on the existence of a worn path strikes the court as an absurdity. The proof in the case is, by a great and clear preponderance, that there are a significant number of worn paths created by vehicles in the R-R area of the Town of Paris pursuant to uses comparable to the Spinel-las’ use. The Town has argued the fact that the Spinellas engage in certain work in order to maintain the paths for safety purposes. This is irrelevant. The Town Board’s attempt to force these property owners to abandon this customary accessory use and to keep their properties unsafe for this use in order to comply with the zoning ordinance is an abuse of discretion and outside of the four corners of the zoning ordinance. It is also relevant that permitted uses of R-R zoned property include *812 farm, nursery, or truck garden purposes, which would inevitably be accompanied by use of various sorts of off-road vehicles to service these uses. The Town’s position is that the creation of a path by use of an off-road four wheeler is permitted by the zoning law if the vehicle is used to service a truck garden, but is a violation if created for fun. And what if it’s for both? Can the Spinellas legalize their vehicle use by putting a “tree nursery,” or a patch of edible dandelions at the end of the paths?
Based upon an extensive evidentiary hearing the court therefore finds as a fact that the use of various aforementioned all-terrain vehicles and the concomitant creation of worn paths is a customary accessory use within the R-R zoning district in the Town of Paris.
The court, based on that factual finding, finds that the petition must be granted and the order to remedy violation is accordingly vacated.