OPINION OF THE COURT
Robert F. Julian, J.
question presented: Respondents move to dismiss the petition as abandoned, alleging that the petitioners failed to submit a proposed judgment within 60 days of this court’s decision. Petitioners’ counsel, who is a qualified individual under the Americans With Disabilities Act, asserts that his visual disability is “good cause” for his failure to submit the *233 proposed judgment within 60 days of the decision as required by 22 NYCRR 202.48.
holding: Petitioners’ counsel’s disability constitutes good cause for noncompliance with the time limits of this regulation. Motion is denied and the proposed judgment is signed.
discussion: The petitioners, after an extensive evidentiary hearing, were directed by the court in a decision dated June 18, 2002 to submit a judgment with costs. (Matter of Spinella v Town of Paris Zoning Bd. of Appeals, 191 Misc 2d 807 [2002].)
The petitioner did not submit a proposed judgment within 60 days, presenting the same to the court on or about August 26, 2002, although the 60-day period expired on or about August 17, 2002, nine days earlier. After a written inquiry by the court requesting respondents’ position regarding the proposed judgment, respondents advised on September 9, 2002 that they had not yet received the proposed judgment. Thereafter petitioners’ counsel served the proposed judgment on respondents. On September 30, 2002, the court received an application and proposed order from the respondents moving to dismiss this matter pursuant to 22 NYCRR 202.48 (hereinafter 202.48 [b]), asserting that the petitioners had abandoned their petition by failing to submit a proposed judgment within 60 days of the date of the decision. The regulation specifically relied upon by respondents provides that a “[flailure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown” (202.48 [b]).
In a responsive affidavit, petitioners’ counsel asserted that he has a visual impairment rendering him a qualified individual with a disability as defined by the Americans With Disabilities Act (hereinafter ADA), thereby making him eligible for reasonable accommodation by the court. He argues that his disability and the attendant need for reasonable accommodation is good cause for the court to extend the time limits of 202.48 (b). He asserted that he was provided reasonable accommodation when attending Syracuse University Law School, consisting of 37 readers and several recorders; that the state bar examiners provided him reasonable accommodation by providing him four days to take the bar exam instead of two and by providing him with two readers and one recorder to type his answers. He further alleged that all New York State courts, as well as district and appellate courts in the Federal Second Circuit have always granted him twice the usual time for motion responses, orders, or any other documentation falling under time requirements. He further alleges that it takes *234 him twice as long to write and read and absorb material as a nondisabled attorney. Petitioners’ counsel further advises that in July 2002 he lost his secretary of seven years, which created an increased work load for his paralegal/reader and which resulted in diminished time for reading and reviewing documentation.
The court finds that petitioners’ counsel has demonstrated good cause for the breach of the time limits established by 202.48 (b), even though there is no New York precedent that is precisely on point with the case at bar. Reviewing New York cases that have inferential relevance, in People v Caldwell (159 Misc 2d 190 [Crim Ct, NY County 1993]), the court found that “the court system is required * * * to make all of its services, programs and activities available to ‘qualified individual [s]’ with disabilities” (supra at 191), and the visually impaired juror was found to be qualified to sit, given the subject matter and evidence in the case, because her disability was capable of being addressed with reasonable modifications. There are a series of cases that provide direction regarding the situations and circumstances in which jurors and judges with disabilities may hear a case or be disqualified therefrom (People v Guzman, 76 NY2d 1 [1990]; Pagan v Pagan, 191 AD2d 651 [2d Dept 1993]; Jones v New York City Tr. Auth., 126 Misc 2d 585 [Civ Ct, NY County 1984]; People v Brown, 62 NY2d 743 [1984]; People v Johnson, 134 AD2d 617 [2d Dept 1987]).
The petitioners’ counsel has a disability within the definition of 42 USC § 12102 (2) (A) (the ADA) in that he has “a physical or mental impairment that substantially limits one or more of the major life activities of the individual.” A leading commentator gives a succinct explanation of the definitions set forth in the statute and the regulations thereunder:
“The definition of disability [under the ADA] contains two crucial terms: ‘major life activities’ and ‘substantially limits’. [42 USCA § 12102 (2) (A) (West, 1995).] The EEOC [Equal Employment Opportunity Commission] defines ‘major life activities’ as ‘those basic activities that the average person in the general population can perform with little or no difficulty’. [2 CFR pt.1630, app. § 1630 2 (i) (1998).] Examples of major life activities are ‘functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working’. [2 CFR § 1630 2 (ii) defines major life activities under Title I; see
*235 also, CFR § 35.104(2) 1998 (defining major life activities under Title II); 28 CFR § 36.104(2) (defining major life activities under Title III).]
“The term ‘substantially limits’ under the EEOC regulations implementing Title I means * * * [significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.” (Familant, The Essential Functions of Being a Lawyer with a Non-Visible Disability: On the Wings of a Kiwi Bird, 15 TM Cooley L Rev 517, 526-527 [footnoted citations added in brackets]).
The court accepts petitioners’ counsel’s unrefuted representation that he meets the definition of a qualified individual under the ADA. The court finds that with accommodation he can perform the essential functions of a lawyer as defined by the EEOC by virtue of his skills, experience, and his license to practice law. (Familant, The Essential Functions of Being a Lawyer with a Non-Visible Disability, supra at 536-537, 539.)
Turning to the issue of whether or not granting more time to petitioners’ counsel constitutes a reasonable accommodation, the court finds that the courtroom and the court system constitute the trial lawyer’s workplace. This finding logically extends to the preparation of documents associated with litigation. A leading treatise, 1 Accommodating Disabilities — Business Management Guide (1999), gives a succinct definition of reasonable job accommodation:
“Job accommodation under the ADA refers to the reasonable amount of expense, effort, or restructuring an employer must undertake to enable a ‘qualified individual with a disability’ to perform the essential functions of a job. An accommodation is any change in the work environment or in the way jobs are customarily performed that enables a worker with a disability to perform essential job functions in the same manner as someone without a disability.
“There are basically three types of reasonable job accommodations:
“1. Accommodations that allow persons with *236 disabilities to apply for jobs on an equal basis as persons without disabilities;
“2. accommodations that enable workers to perform essential functions of the position held or being applied for; and
“3. accommodations that allow workers with disabilities to enjoy the same benefits and privileges of employment that are enjoyed by workers without disabilities.” (Supra, 65100 at 1211.)
Qualified persons have been accommodated in the method of administration of the bar exam. (Bartlett v New York State Bd. of Law Examiners, 970 F Supp 1094 [SD NY 1997], reh denied 2 F Supp 2d 388 [SD NY 1997], affd in part, vacated in part 156 F3d 321 [2d Cir 1998].) Moreover in Bartlett (supra) the Second Circuit expressed its view that in most situations visual impairment does not impede the ability to practice law. In D’Amico v New York State Bd. of Law Examiners (813 F Supp 217 [WD NY 1993]) a severely visually disabled applicant won the right to take the bar exam over four days rather than the usual two days. If petitioner’s counsel was given reasonable accommodation in terms of extended time limits to take the bar exam or law school examinations, similar accommodation should be made by this court given the discretion vested in it by the regulation. (Familant, supra.)
The court finds that the accommodation sought in this case helps petitioners’ counsel perform the essential functions of his profession and is not personal to him. The accommodation sought is not unreasonable and does not impose an undue hardship upon the judicial system pursuant to 42 USC § 12112 (b) (5) (A). No prejudice has been demonstrated by the respondents and the extension of time does not in any way impact the outcome of the case.
Petitioners’ counsel’s visual impairment is good cause for the failure to meet the time requirements of Uniform Rules for Trial Courts (22 NYCRR) § 202.48 (b) for submission of the judgment. The court finds that excusing the failure is a reasonable accommodation to this disability, and as a consequence, will execute the judgment with bill of costs in this matter.