■ In the Matter of Pelican Point LLC, Respondent, v Jerry Hoover et al., Constituting the Zoning Board of Appeals of Town of Gorham, Appellants. [856 NYS2d 394]—

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 3, 2007 in a proceeding pursuant to CPLR article 78. The judgment granted the petition seeking to annul the determination of the Town of Gorham Zoning Board of Appeals.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner operates a marina on three adjacent parcels of land on Canandaigua Lake, and Gerald and Roberta Ginsberg own the parcel directly south of petitioner's southern-

most parcel. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Town of Gorham Zoning Board of Appeals (ZBA) refusing to revoke the permit granted by the Town Code Enforcement Officer upon the application of the Ginsbergs for permission to build a dock off of the shoreline and refusing to direct the Ginsbergs to relocate the dock as constructed. We agree with respondents that Supreme Court erred in granting the petition.

It is well settled that "[l]ocal zoning boards have broad discretion, and '[a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence' " (*Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle*, 18 AD3d 750, 750 [2005], quoting *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). We conclude that the determination of the ZBA has a rational basis and is supported by substantial evidence. The method for calculating a parcel's corresponding water rights lines is set forth in Canandaigua Lake Uniform Docking and Mooring Law (UDML) § 38.005. Pursuant to UDML 38.005 (C), "[b]erthing and mooring facilities," such as the dock constructed by the Ginsbergs, "shall be placed within the water rights line of the parcel so as not to interfere with the lakeshore usage of adjacent parcels." Pursuant to the UDML, water rights lines are calculated by determining, inter alia, "the four points where the mean high water mark intersects the property lines of the parcel and the *two adjoining lakeshore parcels*" (UDML 38.005 [C] [1] [emphasis added]). The ZBA rejected the contention of petitioner that the calculation of the water rights lines of the Ginsbergs required reference to its northernmost property line because all three of its parcels must be considered as a whole. The ZBA instead determined that, pursuant to the UDML, water rights lines must be calculated based upon a reference point to a single adjacent parcel as defined by a tax identification number and that the dock, as constructed, satisfied the requirements of the UDML. Here, the interpretation of the UDML requires the expertise of the ZBA rather than pure statutory construction and thus its interpretation of the term parcel "must be 'given great weight and judicial deference' " (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418 [1996]; *see also Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]), and we conclude that the court erred in failing to defer to the ZBA's interpretation (*see generally New York Botanical Garden*, 91 NY2d at 413). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.