# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**508**

**CA 13-01765**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CRAIG R. DIETRICH,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PLANNING BOARD OF TOWN OF WEST SENECA AND
TOWN OF WEST SENECA, RESPONDENTS-APPELLANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER BOPST OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN, LLP, BUFFALO (DENNIS C. VACCO OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 4, 2012 in a proceeding pursuant to CPLR article 78. The judgment, among other things, vacated and annulled the determination of respondent Planning Board of the Town of West Seneca, which denied petitioner's site plan request.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to CPLR article 78, respondents appeal from a judgment that, inter alia, vacated and annulled the determination denying petitioner's site plan request to construct an all-terrain vehicle (ATV) track on his property. Respondents contend that Supreme Court erred in concluding that respondents proceeded in excess of their jurisdiction by requiring petitioner to submit a site plan, and further erred in vacating and annulling the determination of respondent Planning Board of the Town of West Seneca (Planning Board). We agree, and we therefore reverse the judgment and dismiss the petition.

As a threshold matter, we agree with the Planning Board that its requirement of a site plan was "neither irrational, unreasonable nor inconsistent with the governing [code]" (*Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals*, 67 AD3d 1467, 1467 [internal quotation marks omitted]; *see Matter of New York Botanical Garden v Bd. of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419). As relevant here, the West Seneca Town Code (Code) excepts from the site plan requirement any "[p]ermitted accessory residential structures and uses" (§ 102-2

[B]; *see generally* Town Law § 274-a [2] [a]). Inasmuch as the proposed site of the ATV track is zoned R-65A, permissible uses of the property include, inter alia, private garages or off-street parking areas, family swimming pools, greenhouses, and horse stables (*see* Code § 120-13 [B] [1-4]; *see also* § 120-14 [B] [1]), as well as "[o]ther customary accessory uses" (§ 120-14 [B] [7]).

We further agree with the Planning Board that it did not act irrationally or unreasonably when it determined that the ATV track, which features six- to eight-foot jumps and "rumble strips," does not fall within the definition of "[o]ther customary accessory uses" (*see generally Matter of Granger Group v Town of Taghkanic*, 77 AD3d 1137, 1138, *lv denied* 16 NY3d 781). Although a separate provision of the Code permits limited use of recreational vehicles on private property (*see* § 117-3), no reference is made therein to the construction of ATV tracks with features similar to those of professional racetracks. Furthermore, we cannot agree with petitioner that this case is similar to cases involving worn paths that developed from the use of recreational vehicles over time (*see Matter of Spinella v Town of Paris Zoning Bd. of Appeals*, 191 Misc 2d 807, 809). We therefore conclude that the Planning Board did not err in requiring petitioner to submit a site plan for approval.

With respect to respondents' contention that the court erred in vacating and annulling the Planning Board's determination, we note that "[t]he authority to approve or deny applications for site development plans is generally vested in local planning boards" (*Matter of Valentine v McLaughlin*, 87 AD3d 1155, 1157, *lv denied* 18 NY3d 804, citing Town Law § 274-a [2] [a]). Thus, "[i]n conducting . . . site plan review, the Planning Board is required to set appropriate conditions and safeguards which are in harmony with the general purpose and intent of the Town's zoning code . . . To this end, a planning board may properly consider criteria such as whether the proposed project is consistent with the use of surrounding properties, whether it would bring about a noticeable change in the visual character of the area, and whether the change would be irreversible" (*id.* [internal quotation marks omitted]).

Judicial review is thus limited to the issue "whether the action taken by the [Planning B]oard was illegal, arbitrary, or an abuse of discretion" (*Matter of Kempisty v Town of Geddes*, 93 AD3d 1167, 1169, *lv denied* 19 NY3d 815, *rearg denied*, 21 NY3d 930 [internal quotation marks omitted]). The Planning Board's determination should therefore be sustained so long as it "has a rational basis and is supported by substantial evidence" (*Matter of Pelican Point LLC v Hoover*, 50 AD3d 1497, 1498 [internal quotation marks omitted]). Indeed, "[a] 'reviewing court may not substitute its judgment for that of the . . . [Planning B]oard, even if there is substantial evidence supporting a contrary determination' " (*Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902, *lv denied* 5 NY3d 713).

With those legal principles in mind, we conclude that there is substantial evidence to support the Planning Board's determination that the ATV track is inconsistent with the residential use of

surrounding properties (*see Valentine*, 87 AD3d at 1157).  Put simply, the evidence in the record establishes that the track would increase already existing problems, including the noise level in the neighborhood, the number of incidents of physical damage and trespass to neighboring properties, and the potential for neighboring landowners to be held liable for injuries occurring on their properties.

Having concluded that there was a rational basis for the Planning Board's denial of petitioner's request for site plan approval, we turn to petitioner's contention that the matter must be remitted to the Planning Board for the requisite factual findings.  We reject that contention.  "Generally, findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (*Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals*, 114 AD3d 1219, 1219-1220 [internal quotation marks omitted]).  Here, despite petitioner's contention to the contrary, the Planning Board adequately set forth specific findings of fact by indicating that its determination was based on concerns about trespassers and liability, property damage, and noise pollution.  In any event, even assuming, arguendo, that such findings were inadequate, we conclude that remittal is unnecessary where, as here, the record as a whole addresses the applicable considerations or otherwise provides a basis for concluding that there was a rational basis for the Planning Board's determination (*see generally Matter of Paloma Homes, Inc. v Petrone*, 10 AD3d 612, 614; *Matter of Fischer v Markowitz*, 166 AD2d 444, 445).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                  Clerk of the Court